■ KASMER F. WIESNIEWSKI, JR., Appellant, v MARY B. BASINAIT, as County Treasurer of the County of Orleans, et al., Respondents.—Judgment unanimously reversed, on the law, without costs, and case remitted to County Court, Orleans County, for further proceedings in accordance with the following memorandum: Plaintiff, whose property has been taken for back taxes, appeals from a judgment dismissing his action to set aside a deed from the defendant County of Orleans to the defendants Richard G. and Irene Cichocki. On the trial of the action the court dismissed the complaint at the close of plaintiff's evidence. The sole issue is whether the County Treasurer in proceedings brought pursuant to article 11 of the Real Property Tax Law to foreclose tax liens on plaintiff's property complied with the provisions contained in subdivision 2 of section 1124 of the Real Property Tax Law, requiring that the notice of foreclosure "be mailed to the last known address of each owner of real property affected thereby, as the same appears upon the records in the office of the enforcing officer". It was undisputed that the deed recorded in the County of Orleans showed the property in question, located on Murdock Road, Town of Yates, Village of Lyndonville, County of Orleans, to be owned by plaintiff Kasmer F. Wiesniewski, Jr. On the tax rolls the property was listed in the name of Kasmer F. Wiesniewski. Plaintiff had resided on Marshall Road, Town of Yates, County of Orleans, for 13 years. The notice was addressed and mailed not to Kasmer F. Wiesniewski, Jr., or Kasmer F. Wiesniewski at either of the addresses in the town of Yates, but to Kasmer Wiesniewski, Shelby Basin Road, Town of Shelby. Kasmer Wieniewski is plaintiff's father. The notice was received and signed for by Kasmer Wiesniewski's daughter-in-law who assumed it was for Kasmer Wiesniewski, her father-in-law, and that it applied to his Shelby Basin Road property. She never advised her brother-in-law, Kasmer F. Wiesniewski, Jr., of the matter. Plaintiff's denial of knowledge of the proceeding is unrefuted. Under these circumstances there was a lack of compliance with subdivision 2 of section 1124 of the Real Property Tax Law. The notice in fact was addressed to the wrong person and mailed to the wrong address. The County Treasurer's explanation that she thought the plaintiff's property in the Town of Yates was vacant and for that reason decided to mail the notice to the "only *other* Kasmer Wiesniewski that we knew of" (emphasis added) in the Town of Shelby does not establish that she mailed the notice to plaintiff or that the Town of Shelby address was in fact plaintiff's "last known address * * * as the same appears upon the records in the office of the enforcing officer". (Real Property Tax Law, § 1124, subd 2.) The strict compliance with the statutory notice provision required by the applicable decisions has clearly not been met. (See *City of New Rochelle v Stevens,* 271 App Div 977, affd 297 NY 533; *Matter of Vivenzio v City of Utica,* 58 Misc 2d 571, affd 33 AD2d 657; *Burden v Max-Mor Dev. Co.,* 53 AD2d 1047.) The matter should be remitted to the trial court for a determination of any issue raised by the pleadings except that of compliance with subdivision 2 of section 1124 of the Real Property Tax Law. (Appeal from judgment of Orleans County Court—tax foreclosure.) Present—Marsh, P. J., Dillon, Hancock, Jr., Denman and Witmer, JJ.