■ PAULA KILLIAN, Appellant, v VILLAGE OF NEW YORK MILLS et al., Respondents. — Appeal unanimously dismissed, without costs, as moot. (Appeal from order of Oneida Supreme Court — preliminary injunction.) Present — Cardamone, J.P., Doerr, Denman, Moule and Schnepp, JJ.

■ GUISEPPE LIBERTA et al., Respondents, v ARLON E. DAVIS et al., Appellants. — Order unanimously affirmed, with costs. Memorandum: In affirming we point out that the only issue before the court involves the right of a purchaser of real property to specifically enforce the purchase contract where, prior to title closing, material damages to the premises resulting from a fire were repaired. Because the contract vendor unilaterally proceeded to repair the fire damage by use of the fire insurance proceeds and restored the real property to its former condition, it is unnecessary for the court to consider the rights of the parties to the contract because of the fire loss, which occurred after the execution of the contract. Under these circumstances the claim that the repairs significantly increased the value of the real property is no defense to the purchaser's action for specific performance and no legal basis on which to bottom a demand for an increase in the contract price. The parties are getting no more than what they bargained for and plaintiffs are entitled to have the contract specifically performed. (Appeal from order of Erie Supreme Court — vacate default judgment.) Present — Cardamone, J.P., Doerr, Denman, Moule and Schnepp, JJ.

■ JACOB GOLDSTEIN et al., Respondents, v BARBARA L. EDWARDS, as Treasurer of the County of Cattaraugus, et al., Appellants. — Order unanimously affirmed, with costs. Memorandum: The court properly granted plaintiffs' motion for summary judgment setting aside a deed to real property following an in rem tax foreclosure proceeding (Real Property Tax Law, art 11, tit 3 [§ 1120 *et seq.*]) conducted by the County of Cattaraugus. The county failed to make an evidentiary showing that it strictly complied with the notice provisions of the statute (Real Property Tax Law, § 1124, subd 2; and see *Wiesniewski v Basinait,* 59 AD2d 1028). In response to plaintiffs' claim that no foreclosure notice was received the county contends that the foreclosure notice was mailed to plaintiffs, but its answering affidavits do not state the address to which the notice was sent or any details concerning its transmittal and do not contradict plaintiffs' evidentiary allegations that the county had plaintiffs' address within its own records. To defeat a motion for summary judgment, once a prima facie showing has been made, one must disclose in evidentiary form the evidence on which he relies. Bald conclusory assertions, even if believable, are not enough to defeat summary judgment (*Zuckerman v City of New York,* 49 NY2d 557; *Goldstein v County of Monroe,* 77 AD2d 232, 236; *Chemical Bank v Queen Wire & Nail,* 75 AD2d 999; *Marine Midland Bank v Hall,* 74 AD2d 729). (Appeals from order of Cattaraugus Supreme Court — summary judgment.) Present — Cardamone, J.P., Doerr, Denman, Moule and Schnepp, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. RONALD WELLS, Appellant, v HAROLD J. SMITH, as Superintendent of the Attica Correctional Facility, Respondent. — Appeal unanimously dismissed as moot *(People ex rel. Wilder v Markley,* 26 NY2d 648). (Appeal from judgment of Wyoming Supreme Court — habeas corpus.) Present — Cardamone, J.P., Simons, Hancock, Jr., Denman and Schnepp, JJ.