■ PETER M. TOBIA et al., Appellants, v TOWN OF ROCKLAND et al., Respondents. — Appeal from an order of the Supreme Court at Special Term (Connor, J.), entered January 19, 1984 in Sullivan County, which granted defendants' motion for summary judgment dismissing the complaint.

Plaintiffs purchased a parcel of undeveloped land in the Town of Rockland, Sullivan County, in 1970 and annually paid property taxes on it through 1976. On May 10, 1976, they moved to 62 Patton Avenue in Princeton, New Jersey. They allege that they notified the post office of this address change but that tax bills for 1977 and 1978 nevertheless were sent only to their prior address at "4 Washington Square, Village, New York City". In 1978, defendant County of Sullivan conducted a tax sale of the subject property for the 1977 delinquency and purchased the property at the sale. On February 27, 1979, the county's real property tax supervisor caused a notice to redeem the parcel to be mailed to plaintiffs at their last New York City address, which was returned with the envelope stamped "addressee unknown". In July, 1979, plaintiffs changed their Princeton address to 56 Battle Road and promptly notified the tax collector of the Town of Rockland. In January, 1980, they received a bill for their 1980 taxes at their new address, which they paid under the belief that it also covered the unpaid taxes for 1977 and 1978. On August 5, 1981, the tax supervisor sent plaintiffs a notice of the expiration of the redemption period, effective September 1, 1981, by certified mail, return receipt requested, to their prior New York City address and to their earlier Princeton address. Each letter was returned undelivered. Notices of the tax sale and the expiration of the redemption period had also been published in a local newspaper. Upon expiration of the statutory redemption period, the conveyance of the property to the county was completed and a deed was recorded. The property was sold at public auction to defendant Michael Keiser in December, 1981. Upon discovering the foregoing chain of events in 1982, plaintiffs commenced the instant action to set aside the sale or, alternatively, for damages for the value of their property. They appeal from an order granting summary judgment dismissing their complaint.

We reverse on the ground that issues of fact were presented as to whether plaintiffs were accorded their statutory and constitutional rights to notice prior to being deprived of their property.

The statute imposes the duty on local assessors to annually ascertain by diligent inquiry the identity of owners of real property within the taxing unit for purposes of preparing the assessment rolls (Real Property Tax Law, § 500, subd 1). The statute also requires that the county treasurer give notice to any such owner by mail at his address "as shown on the assessment roll" of both any impending tax delinquency sale (Real Property Tax law, § 1002, subd 4) and of the final opportunity of redemption (Real Property Tax Law, § 1014, subd 3). In the absence of strict compliance with the statutory notice requirements, the tax sale is invalid (*Werking v Amity Estates*, 2 NY2d 43, 50, app dsmd 353 US 933; *Wiesniewski v Basinait*, 59 AD2d 1028). Furthermore, in giving notice, the failure of a county to avail itself of information in its own records of an owner's actual address creates an issue of fact as to whether there has been strict compliance with the notice requirements, which is sufficient to defeat summary judgment (*Goldstein v Edwards*, 81 AD2d 752).

In the instant case, plaintiffs have made an evidentiary showing that they notified the town of their final Princeton address in July, 1979 and in 1980 received a tax bill for the subject property listing that address, which recited that it was "based on prior year assessment roll". They further averred that in 1980, a notice of sale was ultimately forwarded to them at their final Princeton address by the county. Although the county real property tax supervisor has averred that the 1981 roll contained plaintiffs' earlier Princeton address, this far from conclusively establishes that the correct address was not either listed on that assessment roll or contained within the county's records. Therefore, summary judgment should not have been granted.

If, conversely, there have been no violations of the statutory notice requirements on the part of the county (because the town's tax officials failed to record on the assessment roll or to otherwise transmit to the county plaintiffs' new address data), there would nevertheless remain factual issues as to whether the county complied with the due process mandate to provide "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections" (*Mullane v Central Hanover Trust Co.*, 339 US 306, 314). In *Mennonite Bd. v Adams* (462 US 791, 103 S Ct 2706), the United States Supreme Court held that the foregoing obligation applies to in rem real estate tax sale proceedings. This requires employment of means to provide notice "such as one desirous of actually informing [the owner] might reasonably adopt to accomplish it"

(*Mullane v Central Hanover Trust Co., supra,* p 315; accord *Mennonite Bd. v Adams,* 462 US 791, 798-800, *supra*). The Court of Appeals has interpreted *Mennonite Bd.* as holding that due process requires personal notice to readily ascertainable parties in interest and that "the assessor is charged with knowledge of facts which an examination of the real property and tax records reveals" (*Congregation Yetev Lev D'Satmar v County of Sullivan,* 59 NY2d 418, 425).

Here, the county real property tax supervisor was well aware that all previous notices sent to plaintiffs' prior addresses had not been received, since they were returned undelivered. Moreover, contrary to defendants' contention, the town and county tax offices cannot be considered discrete, autonomous agencies. Rather, the statute creates interrelated functions and responsibilities with respect to the assessment, collection and enforcement of real property taxes among these agencies, with a constant flow of relevant tax data and directives back and forth (see, e.g., Real Property Tax Law, §§ 505, 514, 900, 904, 906, 920, 936). Given all of these circumstances, we think that here it would not have imposed an undue administrative burden, before irrevocably depriving plaintiffs of their property for delinquent taxes, to require that the county treasurer's office have searched the records of the town tax assessing and collecting authorities to determine whether contained therein was information more likely to achieve actual notice by mailed service of the final notice of redemption. In so holding, we paraphrase the cautionary words of *Mennonite Bd. v Adams* (462 US 791, 798-799, n 4, *supra*) that this is not to suggest that local taxing authorities are required to undertake extraordinary efforts to discover the current whereabouts of a property owner whose actual address is not available through a search of the public records.

A final matter to be disposed of is the alternative ground for dismissal advanced both here and before Special Term by defendant Keiser, namely, that plaintiffs' action is fatally defective because, in proceeding *pro se,* they failed to include in the caption of the summons and complaint the specific court in which the suit was brought. We are aware of authority that such an omission goes to the fundamental jurisdiction of the court (see *Tamburo v P & C Food Markets,* 36 AD2d 1017). However, plaintiffs averred in their opposing affidavit that on November 22, 1982 (apparently before service on defendants was effected), they notified the court and all defendants that their papers were amended to read *Supreme* Court in the caption. If this be so, we consider the failure to name the court in the original caption to

be merely a defect in form which may be disregarded, absent a showing of prejudice (CPLR 2101, subd [f]).

For all of the foregoing reasons, summary judgment dismissing the complaint should not have been granted.

Order reversed, on the law, with one bill of costs, and motion denied. Mahoney, P. J., Kane, Casey, Levine and Harvey, JJ., concur.