In the Matter OSCAR GIRRBACH et al., Respondents, v HARRY LEVINE, Appellant.

HARRY LEVINE, Appellant, v DANIEL BRIGGS, as County Treasurer of Sullivan County, et al., Respondents.

Third Department, December 3, 1987

APPEARANCES OF COUNSEL

*Carl J. Silverstein (Richard Haas* of counsel), for appellant.

*Martin S. Miller* for Oscar Girrbach and another, respondents.

### OPINION OF THE COURT

WEISS, J.

This litigation stems from a tax sale conducted by the County of Sullivan. The facts are not in dispute. Harry Levine is the former owner of the disputed parcel, which is located in the Town of Thompson, Sullivan County. In October 1985, the county acquired ownership of the parcel by deed from Daniel Briggs, the County Treasurer, following a tax sale for delinquent 1981 taxes *(see,* RPTL art 10). Oscar and Betty Girrbach claim title pursuant to a deed from the county executed and recorded in December 1985 after purchasing the parcel at public auction. In June 1986, the Girrbachs commenced a proceeding pursuant to RPAPL 713 (4) to recover possession of the parcel from Levine; the Girrbachs succeeded in obtaining a warrant of eviction. Levine, in turn, commenced an action to quiet title (RPAPL art 15) against the County Treasurer, the Girrbachs and the county, contending that the tax sale was null and void since proper notice had not been provided. Supreme Court granted defendants' motions for summary judgment dismissing the complaint. Levine has appealed both determinations.

The pivotal question on these two appeals is whether Levine was accorded constitutionally sufficient notice prior to being deprived of his ownership interests in the property. Initially, we observe that Levine does not dispute that the county complied with the statutory notice provisions set forth in RPTL article 10, but maintains that the statutory scheme, as

applied herein, is unconstitutional. We disagree. The County Treasurer is statutorily required to give notice to an owner of real property by first class mail to the address "as shown on the assessment roll" of any impending tax delinquency sale, followed by publication of a notice of such sale (RPTL 1002 [1], [4]; *see, Aversano v Neal*, 130 AD2d 95, 97; *Tobia v Town of Rockland*, 106 AD2d 827, 828). Similar requirements pertain to the follow-up redemption notices (RPTL 1014 [1], [3]; 1022 [1] [b]). Levine acknowledges that he provided the taxing authority with a Florida address as his mailing address and that he failed to notify the county of any change in address *(cf., Tobia v Town of Rockland, supra)*. All tax bills for the years 1981 through 1985 and the notices pertinent to the subject tax sale were sent to Levine's Florida address, and apparently returned as undeliverable. The taxes for this period were not paid. Further, the county published notice of these tax proceedings in 1982, 1983 and 1985 *(see,* RPTL 1002 [1]; 1014 [1]), fully complying with the statutory notice scheme.

Inasmuch as the various Florida mailings were not delivered, Levine claims that the county was constitutionally obligated to take further steps to achieve notice, either by posting or directly mailing a notice to the subject property. As a matter of fundamental due process, the county was required to provide Levine with "notice reasonably calculated, under all the circumstances, to apprise [him] of the pendency of the action and afford [him] an opportunity to present [his] objections" *(Mullane v Central Hanover Trust Co.*, 339 US 306, 314; *see, Mennonite Bd. of Missions v Adams*, 462 US 791; *Congregation Yetev Lev D'Satmar v County of Sullivan*, 59 NY2d 418). The question thus presented is whether the County Treasurer satisfied this burden by relying on the record information and providing the required statutory notice.

Balancing the interests of the parties, we find that the notice accorded Levine was, in fact, constitutionally adequate. As an owner, Levine was charged with knowledge that taxes would regularly be levied against the real estate *(see, Sheehan v County of Suffolk*, 67 NY2d 52, 58, *cert denied sub nom. MacKechnie v County of Sullivan*, — US —, 106 S Ct 3299; *Congregation Yetev Lev D'Satmar v County of Sullivan, supra*, at 423). The county, in turn, was entitled to rely on the record information. It was Levine who failed to keep his mailing address current *(cf., Tobia v Town of Rockland, supra)*. That actual notice was not achieved in the case is more the result

of Levine's disregard of his responsibilities than any deficiencies in the statutory notice provisions. Moreover, as Supreme Court observed, there is no suggestion that the county was on notice that Levine resided at the property. In any event, there is no constitutional requirement of personal notice to an occupant *(Congregation Yetev Lev D'Satmar v County of Sullivan, supra,* at 426). Nor was the County Treasurer "required to make extraordinary efforts to discover the * * * whereabouts of the owner" *(supra,* at 426; *see, Mennonite Bd. of Missions v Adams, supra,* at 798-799, n 4). In sum, giving due regard to the attendant circumstances, we find that the notice accorded Levine passes constitutional muster.

MAIN, J. P., CASEY, MIKOLL and LEVINE, JJ., concur.

Judgment and order affirmed, without costs.