MICHAEL S. KEISER, Respondent, v PARRIE YOUNG, Defendant and Third-Party Plaintiff-Appellant, et al., Defendant. DANIEL L. BRIGGS, as Treasurer of the County of Sullivan, et al., Third-Party Defendants-Respondents, et al., Third-Party Defendants.

Third Department, July 16, 1992

## APPEARANCES OF COUNSEL

*Richard J. Haas* for defendant and third-party plaintiff-appellant.

*Keiser & Keiser (Cheryl E. Maxim and Michael S. Keiser of counsel), for respondent.*

### OPINION OF THE COURT

LEVINE, J.

In June 1983, defendant Parrie Young (hereinafter defendant) purchased certain real property located in the Town of Liberty and the Village of Liberty, Sullivan County, from defendant United States of America, acting through the Farmers Home Administration (hereinafter FHA). Following defendant's failure to pay her 1984 Town property taxes, third-party defendant Daniel L. Briggs, as Sullivan County Treasurer, sent by first-class mail a notice of tax sale to "FHA c/o Young Parrie" at "P.O. Box 994[,] Liberty, N.Y. 12754", the address recited in defendant's deed. Additionally, notices were published in each of two local newspapers during June and July 1985. The published notices named FHA as owner and described the property by street location and tax map identification number.

Subsequently, in February 1986, notices to redeem were sent by Briggs to "Parrie Young[,] P.O. Box 994[,] Liberty, N.Y. 12754" and "F.H.A. c/o Parrie Young" at the same address. Notices to redeem were also published in two local newspapers in April and May 1986, again naming FHA as owner. In August 1988, Briggs caused a notice of expiration of the redemption period, effective September 30, 1988, to be sent by certified mail, return receipt requested, to both "F.H.A. c/o Young Parrie" and "Parrie Young" at the post-office box address. These notices were apparently returned "unclaimed". Notices of the public auction stating "F.H.A; Map # 115-1.2, S Main St, Cls 210, 98 x 75 (Now reads Young Parrie)" were published on September 22 and 23, 1988. Upon expiration of the statutory redemption period, third-party defendant Sullivan County took a tax deed to the property and, by deed dated December 16, 1988, conveyed the property to plaintiff.

In October 1989, plaintiff brought this RPAPL article 15 action to compel determination of title to the property. Defendant answered the complaint and commenced the instant third-party action, also seeking to compel determination of the claims to the property pursuant to RPAPL article 15. Plaintiff then moved and defendant cross-moved for summary judgment. Supreme Court denied both motions, concluding that questions of fact existed as to whether defendant received

constitutionally adequate notice of the tax sale. Shortly there-after, Briggs and the County moved for summary judgment dismissing the complaint in the third-party action based on an affidavit of Briggs attesting to compliance with statutory notice procedures. Defendant opposed the motion and cross-moved for summary judgment. At or about the same time, plaintiff moved to renew or reargue his previous motion for summary judgment in the main action. Ultimately, Supreme Court granted the motion for dismissal of the complaint in the third-party action and, upon reconsideration, granted plain-tiff's motion for summary judgment on the complaint in the main action. This appeal by defendant ensued.

■ Defendant contends initially on this appeal that the post-office box address was not her correct mailing address and that, because certain notices were returned to the County "unclaimed", the County was required to take additional steps to achieve notice. This claim is unavailing. Pursuant to RPTL 1002 (4), notice of an impending tax sale is to be given to an owner of real property by first-class mail at the address "shown on the assessment roll". Similar requirements apply to follow-up redemption notices (see, RPTL 1014 [3]). Here, the uncontradicted proof in the record establishes that the mail-ing address for defendant shown on the relevant assessment roll and used by the County was the same as that contained in both defendant's deed to the property and the real property transfer report (i.e., State Board of Equalization and Assess-ment Form EA 5217). Moreover, defendant herself averred in her third-party complaint and in an opposing affidavit that she received mail at the post-office box address at the time she purchased the property and makes no claim that she notified the County of a subsequent change of address. Thus, as in *Matter of Girrbach v Levine* (132 AD2d 41), the County was entitled to rely on the record information. In so doing, the County satisfied the mandates of due process by providing "notice reasonably calculated, under all the circumstances, to apprise [defendant] of the pendency of the [tax sale proceed-ings] and afford [her] an opportunity to present [her] objec-tions" *(Mullane v Central Hanover Trust Co.,* 339 US 306, 314; *see, Mennonite Bd. of Missions v Adams,* 462 US 791; *Matter of McCann v Scaduto,* 71 NY2d 164; *Congregation Yetev Lev D'Satmar v County of Sullivan,* 59 NY2d 418).

■ Defendant may not prevail in this case by asserting merely that she did not know any taxes were due, because as the property owner she was charged with knowledge that real

estate taxes would regularly be levied *(see, Sheehan v County of Suffolk,* 67 NY2d 52, 58, *cert denied sub nom. MacKechnie v County of Sullivan,* 478 US 1006; *Matter of Girrbach v Levine, supra,* at 43). Equally unpersuasive is defendant's contention that, because she received tax bills at the property location (i.e., her street address) from third-party defendant Village of Liberty, the County should have been aware that the street address was her correct mailing address. It is clear that the County and the Village are separate taxing authorities and maintain separate assessment and tax rolls *(cf., Tobia v Town of Rockland,* 106 AD2d 827, 829). Finally, there is no indication that the County was aware that defendant resided at the property and, hence, it was not constitutionally required to mail any notices there *(see, Matter of Girrbach v Levine, supra,* at 44).

■ We turn next to the question of whether the failure of the County to name defendant as owner of the subject property in all of the published notices warrants invalidation of the tax sale and plaintiff's resultant deed. We find that it does not. RPTL 1002 (2) requires that notice of a tax sale be published in "the name of the owner or occupant" of the property to be sold "as the same appears on the tax roll". According to the submissions of Briggs and the County, the FHA was the assessed owner in 1983 and, consequently, the name appearing on the tax roll in 1984, the year for which taxes were delinquent. Thus, there can be no doubt that the published notices of the tax sale were in statutory compliance. Furthermore, although the fact of defendant's ownership was reasonably ascertainable by the County from real property records at the time of each publication, it is our view that the failure of the notices to list her name as owner did not result in a denial of due process *(cf., De Franco v Sullivan County,* 129 Misc 2d 270, 275; 8 Opns Counsel SBEA No. 68). As we have already concluded, under the circumstances presented in this case the mailed notices* were "reasonably calculated" to ensure actual notice of the tax sale proceedings *(Mullane v Central Hanover Trust Co.,* 339 US 306, 314, *supra; see, Tulsa Professional Collection Servs. v Pope,* 485 US 478, 490; *Men-*

---

* Notably, there is nothing in the record to indicate that the notices sent to defendant by first-class mail were returned to the County. As to the notices which were sent by certified mail and returned "unclaimed", an uncontradicted memorandum from the United States Postal Service established that letters are returned to the sender marked "unclaimed" when a notice of certified mail is ignored.

*nonite Bd. of Missions v Adams,* 462 US 791, 799-800, *supra).* This is all that due process requires *(see, Mennonite Bd. of Missions v Adams, supra,* at 800). Based on the foregoing, Supreme Court's order should be affirmed.

MIKOLL, J. P., MERCURE, CREW III and HARVEY, JJ., concur.

Ordered that the order is affirmed, without costs.