ROBERT ANTHONY, Respondent, v TOWN OF BROOKHAVEN, Appellant.

Second Department, April 19, 1993

**APPEARANCES OF COUNSEL**

*David P. Fishbein, Town Attorney* of Town of Brookhaven, Medford *(Denise F. Molia* and *Garrett W. Swenson, Jr.,* of counsel), for appellant.

*John Ray,* Miller Place, for respondent.

**OPINION OF THE COURT**

SULLIVAN, J.

The present controversy involves the rezoning by the Town Board of the defendant Town of Brookhaven of certain real property including a parcel owned by the plaintiff, Robert Anthony. Specifically, we must determine whether the notice of the public hearing concerning the rezoning, which notice was given pursuant to the provisions of the Brookhaven Town Code both by publication and by mail to the address of the last property owner as reflected in the Town's most recent tax assessment roll, was constitutionally sufficient in this case. We conclude that it was.

I

The following facts are undisputed. On May 22, 1987, the plaintiff, a dentist, purchased the subject premises, an undeveloped parcel of land located along Montauk Highway in the Town of Brookhaven. His deed to the parcel was recorded in the office of the Suffolk County Clerk on June 2, 1987. At that time, the parcel was zoned J-2 business, a classification which apparently would have permitted the plaintiff to erect a small dental office on the property. Thereafter, the Brookhaven Town Board, at a meeting held on August 4, 1987, on its own motion, scheduled a public hearing for September 1, 1987, to explore the potential rezoning of several parcels, including the

plaintiff's premises, from a J-2 business to a B residential zone.[1] In the resolution setting the date for the hearing, the Board provided that notice of hearing would be given by publication in a local newspaper at least 10 days prior to the hearing. The Board further "waived and dispensed with" the procedure of giving notice to the affected property owners by mail, relying on Brookhaven Town Code § 85-23, the relevant portions of which provide:

"Whenever the Town Board, on its own motion * * * shall consider any change of use district classification, the local law setting a date for a public hearing shall contain a clause requiring that the owners of all property within the boundaries of the property proposed to be changed in use district classification * * * be notified of the proposed change, except as hereinafter provided. Said notice shall be sent by either certified mail or registered mail, return receipt requested, *to such owner at the address shown on the current Brookhaven town assessment roll* and shall be mailed to such owner at least ten (10) days prior to the public hearing * * * In the following enumerated cases, the notice required by this section [shall] not be required * * *

"C. In all other cases where the Town Board of the Town of Brookhaven shall determine that the notice required by this section shall be dispensed with." (Emphasis supplied.)

It is further undisputed that notwithstanding the waiver of notice, the Town Clerk of the Town of Brookhaven did in fact send written notice of the hearing, dated August 20, 1987, to all owners of property affected by the proposed rezoning. The names and addresses of those owners were taken from the Town's current assessment roll, as required by Brookhaven Town Code § 85-23. However, on that date the assessment roll did not yet list the plaintiff, who had only acquired title to the premises less than three months earlier, as the owner of the subject parcel. Therefore, the notice of public hearing was sent to the previous owner rather than to the plaintiff and the hearing went forward as scheduled. Meanwhile, the plaintiff alleges that between February and April 1988 he met with officials of the Town of Brookhaven Planning Department and submitted a site plan for the construction of a dental office on the property. While awaiting a decision on the site plan, the

---

1. While not critical to our determination, we note that throughout this case the Town has maintained, albeit without evidentiary support, that the change in zoning herein was merely a small part of a massive and comprehensive rezoning process in which the Town was engaged at that time.

plaintiff learned that the premises had been upzoned to B residential use on or about July 5, 1988.

Claiming that the rezoning precluded him from constructing the dental office, the plaintiff commenced the instant proceeding pursuant to CPLR article 78, *inter alia,* to set aside the rezoning on the ground that he had been unconstitutionally deprived of actual notice and an opportunity to attend the public hearing. The Town moved to dismiss the proceeding. In a judgment dated May 19, 1989, the court, upon converting the proceeding to an action for a declaratory judgment, declared the rezoning of the subject parcel null and void for lack of notice. Subsequently, the Town moved for leave to renew and reargue on the ground, among others, that the mailing of notice to the owner of the property as listed on the current assessment roll of the Town satisfied constitutional requirements. After hearing oral argument on the motion, the court issued an order and judgment dated December 13, 1990, granting renewal and reargument, but declaring that the notice provisions of Brookhaven Town Code § 85-23 are unconstitutional because they do not ensure that actual notice of a proposed rezoning will be provided to the true current property owner in every case. We now reverse and declare that the' challenged notice provisions, as employed in this case, pass constitutional muster.

## II

As previously noted, Brookhaven Town Code § 85-23, which sets forth the procedure to be followed when the Town Board proposes a rezoning on its own motion, provides that affected property owners are to be notified of the proposed zoning change by mailing notice to them "at the address shown on the current Brookhaven town assessment roll".[2] Brookhaven Town Code § 85-22 (D) contains a similar provision requiring notice by mail to property owners, and is applicable when the proposal to rezone property is requested in a petition submitted to the Board. Significantly, Brookhaven Town Code § 85-22 (D) provides that " 'property owner' means the owner as shown on the current Brookhaven town assessment roll". The

---

2. Brookhaven Town Code § 85-23 (C) allows the Board, in its discretion, to dispense with notice by mail and to rely solely on notice by publication. However, we have no occasion to determine the constitutional propriety of such a practice, inasmuch as it is undisputed in this case that notice was in fact mailed in the manner contemplated by the code provision.

primary focus of our review concerns whether the use of the assessment roll in providing such notice by mail comports with the requirements of due process. Of course, it is "an elementary but significant principle of law" *(Marcus Assocs. v Town of Huntington,* 45 NY2d 501, 505) that legislative enactments such as the notice provisions at bar enjoy a strong presumption of constitutionality *(see, Asian Ams. for Equality v Koch,* 72 NY2d 121; *Lighthouse Shores v Town of Islip,* 41 NY2d 7), and the burden is on the party challenging the enactment to demonstrate its unconstitutionality beyond a reasonable doubt *(McMinn v Town of Oyster Bay,* 66 NY2d 544; *Northern Westchester Professional Park Assocs. v Town of Bedford,* 60 NY2d 492; *Town of E. Hampton v Cuomo,* 179 AD2d 337). The Supreme Court found (and the plaintiff presently urges) that the use of the Town's current assessment roll in the challenged notice provisions for the purpose of ascertaining the names and addresses of property owners is constitutionally infirm. The court premised this conclusion upon its finding that the current assessment roll may not always reveal the identity of the true owner of a given parcel of property, especially when, as occurred in this case, title to the property has changed hands subsequent to the promulgation of the assessment roll. Relying on the decision of the Court of Appeals in *Matter of McCann v Scaduto* (71 NY2d 164), the court reasoned that "the notice provisions of Section 85-23 strike an improper balance between the welfare of the public and the rights of the property owner and fail to comport with the basic [tenets] of due process". Our consideration of the relevant legal principles and of recent decisional law prompts us to reach a contrary conclusion.

## III

The critical inquiry in determining whether a notice provision satisfies due process is whether it provides for notice "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections" *(Mullane v Central Hanover Trust Co.,* 339 US 306, 314). This standard grows out of a balancing of the interests of the State against the interests of the individual "in actually being informed of proceedings affecting rights or property" *(Matter of McCann v Scaduto, supra,* at 173). In the context of real property tax proceedings, the United States Supreme Court has determined that due process requires notice by mail

where the owner's name and address are reasonably ascertainable and the proceeding is one which may adversely affect his property interests *(see, Mennonite Bd. of Missions v Adams, 462 US 791)*. Our own Court of Appeals reached a similar conclusion in *Matter of McCann v Scaduto (supra)*, finding that mere constructive notice by publication as provided in the former real estate tax collection enforcement provisions of the Nassau County Administrative Code was patently inadequate where a tax lien sale was involved. A chief consideration in that case was that such sales "create immediate, substantial adverse consequences for the property holder" so that "where the owner's name and address are known, due process requires that actual notice be given" *(Matter of McCann v Scaduto, supra,* at 176).

However, the notice provisions in the case at bar stand in marked contrast to the legislation reviewed in *Matter of McCann v Scaduto (supra)*. Indeed, while the Nassau County Administrative Code merely required notice by publication for a tax lien sale and made no provision for actual notice to the property owner prior to the sale, the Brookhaven Town Code affords property owners who may be affected by a zoning change prior notice both by publication *(see,* Brookhaven Town Code § 85-21) and by mail to the address reflected in the current assessment roll *(see,* Brookhaven Town Code § 85-22 [D]; § 85-23). In this regard, the Brookhaven Town Code bears a strong similarity to New York City's provisions governing notice of tax lien sales, which were recently upheld as constitutional in *Matter of ISCA Enters. v City of New York* (77 NY2d 688, *cert denied* — US —, 112 S Ct 1263; *see also, Matter of T.E.A. Mar. Automotive Corp. v Scaduto,* 181 AD2d 776; *Matter of Upper E. Side Community Dev. Corp. v City of N. Y. Div. of Real Prop.,* 176 AD2d 649). There, the Court of Appeals expressly found that "the City's statutory scheme for giving notice to property owners met the requirements of due process" *(Matter of ISCA Enters. v City of New York, supra,* at 694) because it provides for the publication of notice of tax lien foreclosure and *for the mailing of such notice* either to any party who has filed an owner registration card or in rem card with the City, or if no card was filed, *to the name and address listed on the latest annual record of assessed valuations.* Property owners in that case had challenged the constitutionality of the notice provisions, contending (as does the plaintiff in the instant case) that they never received actual notice of the impending action and thus were deprived of due

process. The Court of Appeals initially observed that since "the owner's name could be obtained through City records, it seems clear that constructive notice [by publication] alone would be constitutionally deficient" *(Matter of ISCA Enters. v City of New York, supra,* at 699). The Court then went on to discuss the significance of the City's notice by mail requirement, employing an analysis that is equally applicable to the facts at bar:

"however, the City Administrative Code provides for additional procedures by which property owners actually receive notice—by mail to the name and address appearing on the latest annual record of assessed valuations, the key record for the tax billing purposes * * * *Plaintiffs do not contest the City's assertion that notice was mailed to the names and addresses listed on the assessment roll entries pertaining to their properties; rather they allege that such information was not properly updated. There is no support for that contention in the record. More importantly, plaintiffs' challenge to the constitutionality of the statute itself must fail in light of this additional statutory mechanism for providing that property owners receive actual notice of a foreclosure.*

"In determining that these provisions are constitutionally adequate, we note that searching property records (at least in the form maintained at the time these actions were commenced), as plaintiffs request, would unquestionably impose a very substantial burden on the City * * * Of course, the imposition of a burden on a municipality does not excuse it from taking reasonable steps to provide actual notice to owners whose interests have been duly recorded. But it is among the circumstances that may be taken into account * * * in determining whether the steps taken to give notice are reasonable * * *

"Under all of the circumstances presented in this case— where the burden of individually searching the title records would be onerous for the City, and where the City publishes notices, sends notices to those who have filed request cards and if no cards are filed, mails notices to the names and addresses on the assessment record—we conclude that the City Administrative Code notice provisions satisfy the minimum requirements of due process" *(Matter of ISCA Enters. v City of New York, supra,* at 700-702 [emphasis supplied]).

Application of the foregoing principles to the facts before us compels the conclusion that the Town of Brookhaven's method

of giving notice of rezoning in this case met constitutional requirements. The Town's use of its current assessment roll as the source of the names and addresses of property owners was appropriate under the circumstances. Indeed, the assessment roll constitutes a comprehensive and generally accurate compilation of property ownership and is readily available to municipal entities. The plaintiff's suggestion that the information on the roll was not properly updated in this case is without support in the record *(see, Matter of ISCA Enters. v City of New York, supra,* at 701). While the plaintiff contends that he had discussed developing the site with Town officials prior to the rezoning, these discussions were with personnel of the Planning Department and did not provide notice to either the Town Board or the Town Clerk that title to the subject premises had changed hands. Furthermore, the plaintiff's assertion that he paid property taxes on the parcel and thereby gave the appropriate Town authorities notice of his ownership is not supported by any documentary evidence. The plaintiff has not even alleged that the purported tax payment occurred at a time relevant to this case (i.e., prior to the mailing of notice on August 20, 1987). Similarly, he has not come forward with any evidence of a requirement that the assessment roll be periodically updated at specific intervals during the tax year to reflect changes in ownership. Under these circumstances, we cannot say that the Town is guilty of neglect simply because the roll still reflected the name and address of the previous owner some 11 weeks after the plaintiff had recorded his deed to the premises in the Suffolk County Clerk's office. In short, the method provided in the Brookhaven Town Code for giving actual notice of rezoning to property owners is reasonably calculated to apprise owners of the proposed action and is therefore constitutional *(see, Matter of ISCA Enters. v City of New York, supra). The mere fact that the true property owner in this particular case may not have received actual notice because the premises was conveyed shortly before the notice was sent does not alter this conclusion.*

## IV

The plaintiff further claims that the Town should be required to verify property ownership information with the Suffolk County Clerk's office before sending out notices of proposed rezoning to property owners. However, any slight increase in the accuracy of the Town's ownership records

through the use of such a verification system would be far outweighed by the additional labor, expense, time and inconvenience which it would occasion. Indeed, a balancing of the Town's interests against those of the property owner (see, e.g., *Matter of McCann v Scaduto,* 71 NY2d 164, *supra)* militates against the creation of this new procedure, inasmuch as it would effectively require the Town to update the title to each affected parcel at the County Clerk's office immediately before mailing notice of any zoning proposal. This procedure would prove unduly burdensome even in the case of a modest proposal such as the one at bar, which called for the rezoning of no less than 12 distinct building lots with numerous owners. When one considers that notice of rezoning is provided not only to the owners of the affected parcels, but to the owners of neighboring parcels as well (see, Brookhaven Town Code § 85-22 [D]; § 85-23), it becomes readily apparent that the verification procedure advocated by the plaintiff would be complex, time-consuming, and costly. Were the Town to engage in a comprehensive rezoning scheme, it is not inconceivable that it would have to maintain a staff of its own at the County Clerk's office solely to verify ownership information for notice purposes. Such an obligation far exceeds the duty to employ a method of notice which is reasonably calculated to apprise owners of a proposed action, and is not constitutionally required.

Finally, although the decisions discussed above are instructive with regard to the issues raised on this appeal, it must be emphasized that they involved tax lien sales resulting in the owners' actual loss of title to their premises. Conversely, the matter before us involves the much less intrusive act of rezoning a vacant parcel of realty from business to residential use. We find no reason to conclude that more stringent notice procedures should be required for the rezoning of the property in this case than would ordinarily be necessary in an action to foreclose on property for the nonpayment of taxes.

In view of the foregoing, we find that the parties' remaining contentions are either lacking in merit or need not be addressed.

MANGANO, P. J., BALLETTA and O'BRIEN, JJ., concur.

Ordered that the order and judgment is reversed insofar as appealed from, on the law, with costs, the prior judgment dated May 19, 1989 is vacated, and it is declared that the notice given in this case pursuant to the notice provisions of

Brookhaven Town Code § 85-23 met constitutional requirements, and that the rezoning of the plaintiff's property from J-2 business to B residential is not invalid by virtue of inadequate notice to the plaintiff.