■ In the Matter of T.E.A. MARINE AUTOMOTIVE CORP. et al., Respondents, v JOHN V. SCADUTO et al., Respondents, and

DANIEL H. DEEKS, Appellant. [607 NYS2d 47] —In a proceeding pursuant to CPLR article 78 to set aside a tax deed and for related relief, the transferee of the tax deed, Daniel Hiram Deeks, appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Morrison, J.), dated September 5, 1990, as, upon granting leave to renew and to reargue his opposition to the petition, adhered to the original determination made in an order and judgment (one paper) of the same court dated January 31, 1990, granting the petition. By decision and order of this Court dated March 16, 1992, that branch of the petition which is asserted against the appellant was converted into an action to determine adverse claims to real property, that branch of the petition which is asserted against the remaining respondents was converted into an action for a declaratory judgment, the petition was deemed a complaint, and the matter was remitted to the Supreme Court, Nassau County, to hear and report on the issue of whether either the petitioner T.E.A. Marine Automotive Corp. or the petitioner Edward H. Akam had been given notice of the tax lien sale other than by publication. The appeal was held in abeyance in the interim *(Matter of T.E.A. Mar. Automotive Corp. v Scaduto,* 181 AD2d 776). The Supreme Court has now filed its report. Justice Joy has been substituted for former Justice Harwood *(see,* 22 NYCRR 670.1 [c]).

Ordered that the order is reversed insofar as appealed from, on the law, with costs payable by the petitioners to the appellant, and, upon renewal and reargument, the judgment entered January 31, 1990, is vacated; and it is further,

Ordered that it is declared that the title of the appellant Daniel Hiram Deeks to the property at issue is valid, and the matter is otherwise dismissed.

The Supreme Court correctly found that the petitioner Edward H. Akam had been provided with written notice of the tax lien sale. The record of the hearing held on remittitur establishes that this written notice was mailed to an address furnished by the Receiver of Taxes of the Town of North Hempstead, and that this was the address to which tax bills had been sent since 1980. Under these circumstances, we conclude that the notice furnished to the petitioners complied with constitutional dictates, even assuming that the case of *Matter of McCann v Scaduto* (71 NY2d 164), decided after the tax lien sale but before the transfer of the deed in this case, is

controlling. The Due Process Clauses of the State and Federal Constitutions are not offended by the fact that the municipal respondents mailed written notice of the tax lien sale to the same address as that to which the Receiver of Taxes of the Town of North Hempstead had consistently been sending the actual tax bills (see, *Matter of ISCA Enters. v City of New York*, 77 NY2d 688, 701; *Anthony v Town of Brookhaven*, 190 AD2d 21). For these reasons, it is declared that the appellant is the rightful owner of the subject property. Bracken, J. P., Eiber, O'Brien and Joy, JJ., concur.