■ CORNWALL WAREHOUSING, INC., Appellant, v TOWN OF NEW WINDSOR et al., Respondents. (Action No. 1.) CORNWALL WAREHOUSING, INC., et al., Appellants, v LAWYERS TITLE INSURANCE CORPORATION et al., Defendants, and MOODNA CREEK DEVELOPMENT, LTD., et al., Respondents. (Action No. 2.) [656 NYS2d 329] —In consolidated actions, *inter alia,* for a judgment declaring the rights of the parties with respect to a certain unit of the Millpond Condominium, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Orange County (Owen, J.), dated November 21, 1995, as denied the motion of the plaintiff Cornwall Warehousing, Inc., for a preliminary injunction against the County of Orange to enjoin a tax sale of the subject property, granted the motion of the defendants Gerald Kreisberg, Eugene Littman, Gerald Jacobowitz, the Board of Managers of Millpond Condominium, Milltown Park, Inc., and Moodna Creek Development, Ltd., for summary judgment dismissing the first, third, thirteenth, and

fourteenth causes of action asserted in the complaint in Action No. 2, and denied that branch of their cross motion which was for partial summary judgment on the first and second causes of action asserted in the complaint in Action No. 2.

Ordered that the order is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

Contrary to the plaintiffs' contention, the Supreme Court did not err in denying the application by the plaintiff Cornwall Warehousing, Inc., for a preliminary injunction to enjoin the tax sale of the property by the County. The County complied with the statutory requirement that notice of the sale be sent to the address shown on the assessment roll (*see*, RPTL former 1014 [3]; *Tobia v Town of Rockland*, 106 AD2d 827, 828).

Nor did the court err in granting partial summary judgment in favor of the moving defendants dismissing the first, third, thirteenth, and fourteenth causes of action asserted in the plaintiffs' complaint in Action No. 2. Under the transactional analysis approach to res judicata, "once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy" (*O'Brien v City of Syracuse*, 54 NY2d 353, 357). Collateral estoppel, a corollary to the doctrine of res judicata, "precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity, whether or not the tribunals or causes of action are the same" (*Ryan v New York Tel. Co.*, 62 NY2d 494, 500). Here, the plaintiffs' first and third causes of action, challenging the formation of the condominium, and their thirteenth and fourteenth causes of action, challenging the validity of certain by-law provisions and whether the Board of Managers was validly constituted, are barred, since the plaintiffs, who were defendants in a prior action brought to foreclose on a common-charge lien (*see*, *Mill Pond Condominium v Landau*, 216 AD2d 372), had a full and fair opportunity to present those claims (*see*, *Schwartz v Public Adm'r of County of Bronx*, 24 NY2d 65, 71).

The plaintiffs' remaining contentions are without merit. Miller, J. P., Ritter, Thompson and Krausman, JJ., concur.