■ In the Matter of 380 FRONT STREET No. 20 CORP. et al., Appellants, v COUNTY OF DUTCHESS et al., Respondents. [694 NYS2d 748] —In a proceeding, *inter alia,* to void a transfer of real property pursuant to a judicial foreclosure proceeding, the petitioners appeal from (1) an order of the Supreme Court, Dutchess County (Hillery, J.), dated April 8, 1998, which, *inter alia,* upon reargument, granted that branch of the respondents' motion which was pursuant to CPLR 3211 (a) (1) to dismiss the petition insofar as it was asserted by the petitioner 380 Front Street No. 20 Corp., (2) a decision of the same court dated July 2, 1998, and (3) a judgment of the same court dated July 22, 1998, which dismissed the petition.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (*see, Schicchi v Green Constr. Corp.,* 100 AD2d 509); and it is further,

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondents are awarded one bill of costs.

The appeal from the intermediate order must be dismissed, because the right of direct appeal therefrom terminated with the entry of judgment in this proceeding (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

It is undisputed that the notice of foreclosure of tax liens was sent to the petitioner 380 Front Street No. 20 Corp. (hereinafter 380 Front Street) at 34 West Columbia Street, Hempstead, New York, 11550, its last known address on the record in the office of the enforcing officer. The addition of an ampersand to the name of 380 Front Street in the address on the envelope was a de minimis error which did not affect the validity of the mailing (*see, American Mtge. Bank v Matovitz,* 208 AD2d 788). Moreover, 380 Front Street fails to contend that it did not receive any tax notices, except the notice at issue here, or that it changed its address on the tax rolls. Under these circumstances, the mailing, which was to the last known

address of 380 Front Street, was sufficient (see, Real Property Tax Law § 1124 [2]; *Matter of ISCA Enters. v City of New York,* 77 NY2d 688; *Matter of T.E.A. Mar. Automotive Corp. v Scaduto,* 199 AD2d 511; *cf., Tobia v Town of Rockland,* 106 AD2d 827; *Wiesnienski v Basinait,* 59 AD2d 1028; see also, *Cornwall Warehousing v Town of New Windsor,* 238 AD2d 370).

The petitioners' remaining contentions are without merit. Santucci, J. P., Krausman, Florio and Feuerstein, JJ., concur.