■ ELLEN J. KENNEDY, Respondent, v MAHSHID MOSSAFA, Defendant and Third-Party Plaintiff-Appellant; JOEL KLEIMAN et al., Third-Party Defendants-Respondents. [737 NYS2d 373] —In a proceeding pursuant to RPAPL article 15 to quiet title to certain real property, the defendant third-party plaintiff, Mahshid Mossafa, appeals from an order of the Supreme Court,

Orange County (Owen, J.), entered April 27, 2000, which granted the plaintiff's motion for summary judgment and the third-party defendants' application for summary judgment dismissing the third-party complaint.

Ordered that the order is affirmed, with costs.

The defendant Mahshid Mossafa is the former owner of a parcel of vacant real property in the Town of Newburgh, County of Orange. The County foreclosed on the parcel for nonpayment of 1996 taxes. The parcel of land was then sold to the plaintiff, Ellen J. Kennedy, who brought the instant proceeding to quiet title pursuant to RPAPL article 15. Mossafa brought a third-party action (denominated a counterclaim) against, among others, the County to vacate the tax deed, inter alia, on the ground that she did not receive adequate notice of the foreclosure proceeding.

It is well settled that in an in rem proceeding "where the interest[s] of a property owner will be substantially affected * * * and where the owner's name and address are known, due process requires that actual notice be given" (*Matter of McCann v Scaduto,* 71 NY2d 164, 176; *see, Mennonite Bd. of Missions v Adams,* 462 US 791; *Schroeder v City of New York,* 371 US 208; *Mullane v Central Hanover Bank & Trust Co.,* 339 US 306).

There is no rigid rule establishing the adequacy of notice; instead, the reasonableness of notice depends upon a balancing of the interests of the State against the interests of the individual "in actually being informed of proceedings affecting rights or property" (*Matter of McCann v Scaduto, supra* at 173). Under this standard, the United States Supreme Court has found that under certain circumstances a mailed notice satisfies the requirements of due process (*see, Mennonite Bd. of Missions v Adams, supra*; *Greene v Lindsey,* 456 US 444) since it "is an inexpensive and efficient mechanism that is reasonably calculated to provide actual notice" (*Tulsa Professional Collection Servs. v Pope,* 485 US 478, 490).

The County sent Mossafa notification of impending foreclosure on October 17, 1997, at the address listed on her deed— the only address ever recorded for Mossafa on the tax assessment roll. It is undisputed that Mossafa did not receive the notice; it was returned to the Commissioner of Finance marked "not deliverable." Mossafa, it seems, had moved in 1991 to another part of the same town. Although she claims to have notified the Town in writing of the new address, she has submitted no evidentiary proof beyond her own conclusory assertion of this alleged notification (*cf., Tobia v Town of Rockland,* 106

AD2d 827, 828). Mossafa faults the County for sending the notice to her old address and failing to investigate further and ascertain her current address. Yet, the burden is on the property owner to keep her address current (*see, S.A.B. Enters. v Stewart's Ice Cream Co.,* 187 AD2d 875; *Matter of Girrbach v Levine,* 132 AD2d 41, 43; *cf., Tobia v Town of Rockland, supra* at 828).

Moreover, it is undisputed that each year from 1991 until 1998, the Town mailed the tax bills to Mossafa's old address, Mossafa received those bills despite the fact that they were sent to an allegedly incorrect address, and she paid those bills, with the exception of 1996. Indeed, Mossafa was alerted to her delinquency when she received her 1997 and 1998 tax bills. Mossafa apparently never took any additional steps to notify the Town or County of her correct address, even though she was on notice that the Town did not have her current address on file. In addition, Mossafa even claims to have written a check for the 1996 taxes, but admits that the check was never cashed; she does not claim to have taken any steps to investigate why her check was not cashed. Despite Mossafa's contentions to the contrary, the County was not under any obligation to further investigate her address when the foreclosure notice was returned as undeliverable (*see, Mennonite Bd. of Missions v Adams, supra* at 798-799 n 4; *Matter of ISCA Enters. v City of New York,* 77 NY2d 688, 701-702, *cert denied* 503 US 906; *Congregation Yetev Lev D'Satmar v County of Sullivan,* 59 NY2d 418, 426; *Matter of Girrbach v Levine, supra* at 44).

Mossafa also argues that because her 1997 and 1998 taxes were paid with checks that listed her correct name and address, and they were sent in envelopes that listed her current address, the County was on notice of her correct address. The dissent agrees and would impose on the County obligations beyond those recognized as constitutionally adequate simply because Mossafa's new address was listed on her checks in payment of 1997 and 1998 taxes. Yet, this circumstance is not tantamount to a taxpayer's request to effectuate a permanent change of address for purposes of all property-related tax documents sent to her (*see, Sendel v Diskin,* 277 AD2d 757, 760; *cf., Tobia v Town of Rockland, supra* at 828).

Our respected dissenting colleagues also seem to imply that *Matter of McCann v Scaduto (supra),* requires actual receipt by the taxpayer of notice of foreclosure. This is expressly not required by statute (*see,* RPTL 1125 [3] [b]) and is a distortion of the actual notice requirement which that case imposed for constitutional purposes. This requirement was contrasted with

the statutory authorization for constructive notice by publication found to fall short of the due process constraint of notice reasonably calculated to apprise the taxpayer of the proceeding. This does not require the taxing authority to do any more than the County of Orange did in this case—to rely on the names and addresses of owners listed in the tax assessment rolls—as this Court has repeatedly held (*see, Cornwall Warehousing v Town of New Windsor,* 238 AD2d 370, 371; *Matter of T.E.A. Mar. Automotive Corp. v Scaduto,* 199 AD2d 511, 513; *Anthony v Town of Brookhaven,* 190 AD2d 21, 28). The Appellate Divisions, Third and Fourth Departments, agree with the holding of this Court (*see, S.A.B. Enters. v Stewart's Ice Cream Co., supra, Keiser v Young,* 181 AD2d 170, 173; *Matter of Girrbach v Levine, supra* at 43; *Tobia v Town of Rockland, supra* at 829; *Matter of Foreclosure of Tax Liens,* 278 AD2d 814, 815).

Mossafa's remaining contentions are without merit. Goldstein, J.P., Crane and Cozier, JJ., concur.

McGinity, J., dissents and votes to reverse the order appealed from and to deny the motion with the following memorandum, in which Luciano, J., concurs: The Supreme Court granted judgment in favor of the plaintiff, Ellen J. Kennedy, the tax lien buyer, and Orange County, which sold the property to Kennedy, finding that the County gave the defendant, Mahshid Mossafa, the fee owner, adequate notice of their action. At issue then is what is adequate notice under the circumstances presented herein.

Mahshid Mossafa owned vacant property in the Town of Newburgh in Orange County. Mossafa paid real estate taxes assessed on that vacant lot continually from 1983, the time of purchase, through 1995. However, she failed to pay taxes on the property in 1996 when a tax lien attached. An in rem proceeding under RPTL article 11 was commenced by the County on November 1, 1996, to foreclose the lien, and publication of that notice was made in local newspapers.

The County filed a petition of foreclosure on October 17, 1997, and sent a notice of foreclosure proceeding to Mossafa at 133 Blaisdell Road in Orangeburg, granting her until January 30, 1998, to redeem the lien on her property. This notice was returned by the postal service as "not deliverable as addressed, unable to forward." Not having received the notice, Ms. Mossafa did not forward the amount of delinquent taxes with penalty due of $605.44.

A judgment of foreclosure was granted upon Mossafa's default in answering on March 24, 1998. The County, at public auction, sold Mossafa's parcel to Kennedy for $8,000, ap-

proximately 13 times the amount of the lien, and retained the difference. Thus, the County made a profit of approximately $7,400 as a result of the forfeiture.

Apparently Kennedy, seeking to obtain marketable title to the property purchased at foreclosure, wrote to Mossafa, through her attorney, at her last known address offering to pay her for a quitclaim deed to avoid commencing a bar-claim action. The letter was returned marked "no forward order on file, unable to forward, return to sender." After commencing a bar claim action pursuant to RPAPL article 15, Mossafa was located through the Internet and on July 7, 1999, she filed an answer pro se with what was denominated a counterclaim seeking to set aside the deed and the County's judgment of foreclosure.

In support of her counterclaim, Mossafa alleged that in 1991 she had moved to 4 Lester Drive in Orangeburg, and so notified authorities of her new address. She claimed, and it is not disputed, that she paid taxes due on the property in 1997 and 1998, thinking that those payments would cover the 1996 delinquency, although she also thought that she had paid the 1996 taxes.

Basically, she claimed that her new (1991) address was listed on her personal check which had been cashed by the County for 1997 and 1998 taxes and that the County had never made a bona fide effort to reach her to inform her that she was in danger of losing her property for the want of paying $605.44 in taxes when they knew she paid the taxes on the property for subsequent years. She also claimed that the notice of foreclosure produced by the County as undeliverable had misspelled her name, identifying her as "Mossafa Mahshi D." instead of Mahshid Mossafa. She did, however, concede that the tax notices for 1997 and 1998 had indicated on the back of the bills that taxes were in arrears. She pointed out that the return address on her checks for 1997 and 1998 payments revealed her address to the County as well as the return address on the envelope. The addresses of her husband and son, Mostafa Mossafa and Omid Mossafa, respectively, were listed in the telephone book. The deed issued to Ms. Mossafa in 1983 listed the name of her attorney and his address on the face of the deed and the County made no effort to contact him to inform Ms. Mossafa that she was about to lose her property for failure to pay one year's taxes, out of the approximately 15 years that she owned the property.

The holding in *Matter of McCann v Scaduto* (71 NY2d 164) is instructive regarding the municipality's duty to provide no-

tice reasonably calculated to convey required information to a property owner who is in danger of losing his property for failure to pay delinquent real estate taxes. In *McCann*, as in the present case, the County's administrative code did not provide for actual notice to the property owner that liens would be sold; the code only provided notice by publication.

The Court of Appeals in McCann concluded that failure to provide petitioners with actual notice of the tax lien sales deprived them of due process of law. Citing *Baldwin v Hale* (1 Wall [68 US] 223, 233), "Parties whose rights are to be affected are entitled to be heard; and in order that they may enjoy that right they must first be notified," the Court stated that the actual requirements of proper notice have not been static. In *Mullane v Central Hanover Bank & Trust Co.* (339 US 306, 314), the Supreme Court set a flexible standard: "an elementary and fundamental requirement of due process * * * is notice reasonably calculated, under all the circumstances to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." In *Meadow Farm Realty Corp. v Pekich* (251 AD2d 634, 635), this Court held that the plaintiff was deprived of due process due to the County's failure to provide it with constitutionally adequate notice of tax lien sale (*but see, Matter of T.E.A. Mar. Automotive Corp. v Scaduto,* 199 AD2d 511 [which held that municipality's written notice of tax lien sale mailed to the same address at which the receiver of taxes had consistently been sending the actual tax bills complied with constitutional dictates]).

The present case is distinguishable from *T.E.A. Mar.* in that the County knew it had received payment of subsequent taxes for 1997 and 1998 with the taxpayer's address listed upon her check. Thus, they received actual notice of her current address and could have easily noticed her to prevent the forfeiture, upon which the County made a substantial profit. Certainly, under the uncontroverted circumstances presented, the County was under an obligation to undertake reasonable measures to ascertain Mossafa's new address. The County's failure to undertake such measures and to simply rely on the mailed notice cannot be said to comply with constitutional due process.