■ In the Matter of Louise Zaccaro, as Executor of Frank Zaccaro, Petitioner, v John P. Cahill, as Commissioner of Environmental Conservation, Respondent. [748 NYS2d 426] —Carpinello, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Columbia County) to review a determination of respondent which found petitioner in violation of the Freshwater Wetlands Act.

Prior to his death, Frank Zaccaro (hereinafter decedent) was charged with violating the Freshwater Wetlands Act (ECL art 24) and its implementing regulations (6 NYCRR part 663) by engaging in excavating, grading, filling and other activity in a freshwater wetland located on his property in Columbia County. After an adjudicatory hearing, respondent sustained most of the charges, ordered certain remedial measures and imposed a fine. Decedent thereafter commenced this CPLR article 78 proceeding to review the determination and Supreme Court transferred the proceeding to this Court. After decedent's death, the executor of his estate was substituted as petitioner.

The final freshwater wetlands map which identified decedent's property as containing wetlands was established pursuant to a process which began in 1982 and culminated in the issuance of a final map in 1985. Although ECL 24-0301 (4) and (5) required that written notice of the mandatory public hearing on the tentative map and that written notice of the filing of the final map be given to the owners of lands designated as wetlands, decedent received no notice of either the hearing or the final map. Petitioner contends that in the absence of such notice, decedent's property was not subject to regulation under the Freshwater Wetlands Act and, thus, decedent could not be punished for activities undertaken on the property. We disagree.

The required notice was to be given "to each owner of record as shown on the latest completed tax assessment rolls, of lands designated as such wetlands" (ECL 24-0301 [4]; see ECL 24-0301 [5]). To identify the parcels of property containing the designated wetlands, Department of Environmental Conservation (hereinafter DEC) staff compared the results of the wet-

lands mapping process to the most recent county tax maps. Using tax map parcel numbers, DEC staff then obtained the names and addresses of the property owners from the latest tax assessment rolls. Notices were mailed to the owners as required by the statute and the required additional notice by publication was also provided. Unfortunately, the county tax maps did not properly identify and number the parcel owned by decedent. Thus, when DEC staff used the tax map numbers to obtain names and addresses from the tax assessment rolls, decedent's name and address, which were properly listed on the tax assessment rolls, were not included among those compiled for the purpose of the mailed notices. The tax map error was not corrected until the filing of the 1987 tax map, which occurred after the filing of the final freshwater wetlands map.

In light of these facts, we reject petitioner's reliance on *Matter of Kuhn v Town of Johnstown* (248 AD2d 828). That case involved a zoning ordinance amendment and the municipality's failure to comply with the terms of the ordinance which required that written notice be given to affected property owners. Instead, it provided only notice by publication. Here, in contrast, DEC staff followed the statutory procedures and provided notice by mail and by publication. The lack of actual notice to decedent was the result of an error in the tax map and not the result of a wholesale failure to follow the statutorily-required procedures. In order to obtain the names of the owners of lands designated as wetlands from the tax assessment rolls, DEC staff first had to identify the particular parcels of property that contained the wetlands as shown on the tentative and final wetlands maps. Although petitioner criticizes the reliance on these tax maps, she offers no other reasonable method for identifying the owners of the affected properties.

Petitioner's attempt to invoke due process is also unavailing. The test for determining the adequacy of the procedure under the Due Process Clause is whether the notice was reasonably calculated, under all the circumstances, to apprise owners of the proposed action (*see Matter of ISCA Enters. v City of New York*, 77 NY2d 688, 699, *cert denied* 503 US 906). We conclude that the notice procedure required by ECL 24-0301 (4) and (5), as implemented by DEC staff in this case, met that test, despite the fact that decedent did not actually receive the notice (*see, Anthony v Town of Brookhaven*, 190 AD2d 21, 28, *appeal dismissed* 82 NY2d 747). Inasmuch as all of petitioner's arguments are predicated on the claimed failure to comply with statutory and constitutional notice requirements, a claim which

we have now rejected, the determination must be confirmed and the petition dismissed.

Cardona, P.J., Mercure, Peters and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.