GEORGE S. VAN SCHAICK, Superintendent of Insurance of the State of New York, as Conservator of the INDEPENDENCE INDEMNITY COMPANY, Respondent, v. NATIONAL CITY BANK OF NEW YORK, Appellant, Impleaded with GUARANTY TRUST COMPANY OF NEW YORK, Defendant.

First Department, November 15, 1935.

*Carl A. Mead* of counsel [*Lester Kissel* with him on the brief; *Shearman & Sterling*, attorneys], for the appellant.

*Jacob J. Alexander* of counsel [*Alfred C. Bennett*, attorney], for the respondent.

*Walter D. Fletcher* of counsel [*Atwood H. Miller* with him on the brief], for Davis, Polk, Wardwell, Gardiner & Reed, attorneys, as *amici curiæ*.

GLENNON, J. This suit was instituted by the plaintiff, respondent, as the conservator of the Independence Indemnity Company to recover damages from defendant, appellant, for an alleged wrongful transfer of certificate No. C-862 for 100 shares of the Hershey Chocolate Corporation to one Henry Brown. The claim (in suit) was assigned to the Independence Indemnity Company by Frazier, Jelke & Co., a brokerage firm, after payment of a loss under a broker's blanket bond. The court, in our opinion, erroneously directed a verdict in favor of the plaintiff for the value of the stock.

The theory of the recovery, as outlined by the respondent in his brief, is that the defendant, " having undertaken to stop the transfer of such certificate, and having entered upon the performance of the work necessary to stop the transfer of such certificate, it is liable to the plaintiff for its failure to perform the work or promise agreed by it to be performed."

It was stipulated upon the trial " that Frazier, Jelke & Company were stock brokers with an office at 40 Wall Street during all the times mentioned in the complaint; that on August 13th, 1928, Frazier, Jelke & Company handed to their messenger or runner, one John Gately, certificate No. C-862 representing 100 shares of the common stock of the Hershey Chocolate Corporation, owned by them, with instructions to deliver it to Josephthal & Company at 120 Broadway, New York City; that the certificate was registered in the name of Laidlaw & Company, and duly endorsed in blank for transfer by the said Laidlaw & Company." And further " that the said John Gately, the messenger, without authority from Frazier, Jelke & Company, wrongfully delivered the said certificate to an unknown third person who had no right to the certificate, and neither Frazier, Jelke & Company nor Josephthal & Company ever thereafter saw the said certificate."

The parties also agreed that the Hershey Chocolate Corporation was organized under the laws of the State of Delaware; that the provisions of the Uniform Transfer Act, otherwise known as article 6 of the New York Personal Property Law, did not govern, and that common-law principles were to be applied.

It was not asserted that the employee of Frazier, Jelke & Co., although he failed to carry out his instructions, was guilty of a violation of any law in delivering the certificate to the unknown third person. In addition thereto the record is silent as to any alleged criminal act on the part of this unknown third person. Whether he turned the certificate over to another or lost it does not appear.

On August thirteenth, the day of the delivery, Frazier, Jelke & Co. notified the appellant, the transfer agent for the Hershey Chocolate Corporation, to " stop transfer on certificate number 862 for one hundred shares Hershey Chocolate Corporation. This certificate was lost while in our possession." On August twentieth the appellant acknowledged receipt of the communication, in a letter, the body of which reads as follows:

" We acknowledge receipt of your letter of August 13, wherein you inform us that certificate C-862 for 100 shares of Hershey Chocolate Corporation, standing in the name of Laidlaw & Company, was lost.

" We have made the customary notations on our records, but have to advise that, while we cannot definitely engage to refuse to transfer this certificate, we shall, however, endeavor to notify you immediately, should it be presented to us for transfer."

It was not disputed that Henry Brown purchased the 100 shares certificate in good faith, and for value, and on September 11, 1928, presented it to the appellant, which, at his request, canceled it and issued two new certificates in his name for fifty shares each. When the original certificate was delivered to Brown it was indorsed on its reverse side by Laidlaw & Co. as follows:

" For value received,          hereby sell, assign and transfer unto          Shares of the Stock represented by the within Certificate, and do hereby irrevocably constitute and appoint          Attorney, to transfer the said stock on the books of the within named Corporation, with full power of substitution in the premises.

" Dated, Jun 27 1928

" In the Presence of:          LAIDLAW & CO.

     A. King "

Brown had the right to fill in the blank which indicated to the Hershey Chocolate Corporation and its transfer agent that he was

the owner of it. In *People's Trust Co.* v. *Smith* (215 N. Y. 488) Judge CARDOZO said in part: " ' A blank indorsement of such an instrument signifies that some person is expected to have the right to fill in the blank ' (*Scollans* v. *Rollins*, 179 Mass. 346, 352). The owner who intrusts to another a stock certificate thus indorsed has given currency to an instrument which connotes by its very form a contemplated transfer. In such circumstances, if the agent proves to be dishonest, the owner must bear the loss [*Nat. Safe Dep., S. & T. Co.* v. *Hibbs*, 229 U. S. 391; *Union Trust Co. of Rochester* v. *Oliver*, 214 N. Y. 517; *McNeil* v. *Tenth Nat. Bank*, 46 N. Y. 325].''

In *McNeil* v. *Tenth National Bank* (46 N. Y. 325), at page 332, cited in the above quotation, Judge RAPALLO said: " The holder of such a certificate and power possesses all the external *indicia* of title to the stock, and an apparently unlimited power of disposition over it. He does not appear to have, as is said in some of the authorities cited, concerning the assignee of a chose in action, a mere equitable interest, which is said to be notice to all persons dealing with him that they take subject to all equities, latent or otherwise, of third parties; but, apparently, the legal title, and the means of transferring such title in the most effectual manner.''

The basic question is as to the validity of Brown's title to the certificate. It cannot be claimed that if Brown had a valid title to certificate C-862 there could be any possible liability on the part of the transfer agent.

It will be remembered that Frazier, Jelke & Co. made no claim that the certificate was stolen by its employee. It asserted simply that it had been lost. This case, therefore, is distinguishable from *Knox* v. *Eden Musee Co.* (148 N. Y. 441). There a dishonest employee stole certificates of stock indorsed in blank from the safe of his employer and negotiated them. Here, the honesty of the employee is not questioned. By voluntarily turning over the certificate with full external indicia of title to their employee for delivery the brokers made possible the loss which they sustained. In *Union Trust Co.* v. *Oliver* (214 N. Y. 517, 524) the Court of Appeals said, quoting with approval the Massachusetts case of *Russell* v. *American Bell Telephone Co.* (180 Mass. 467): " The rule that the property would not pass when the instrument was stolen was not based upon the name of the agent's crime, ' but upon the fact that in the ordinary and typical case of theft the owner has not intrusted the agent with the document and therefore is not considered to have done enough to be estopped as against a purchaser in good faith.' "

The same rule was applied in *National Safe Deposit Co.* v. *Hibbs* (229 U. S. 391), where Mr. Justice DAY said in part: " Stock certificates are a peculiar kind of property. Although not negotiable paper, strictly speaking, they are the basis of commercial transactions large and small, and are frequently sold in open market as negotiable securities are. In *Bank* v. *Lanier*, 11 Wall. 369, 377, 378, this court said: ' Stock certificates of all kinds have been constructed in a way to invite the confidence of business men, so that they have become the basis of commercial transactions in all the large cities of the country, and are sold in open market the same as other securities. Although neither in form or character negotiable paper, they approximate to it as nearly as practicable. * * * Whoever in good faith buys the stock, and produces to the corporation the certificates, regularly assigned, with power to transfer, is entitled to have the stock transferred to him.'

" These principles are well known to business men and are constantly acted upon by them. This circumstance should be given due weight in determining the rights of the parties in this case."

The old principle also should govern that where one of two innocent persons must suffer by the acts of a third, then the loss must fall on the one who made it possible.

We have reached the conclusion, therefore, that the title in Brown to the certificate was valid and absolute, and as a consequence thereof the transfer agent, the appellant herein, cannot be held to answer for any so-called loss.

The judgment accordingly should be reversed, with costs, and judgment granted in favor of defendant dismissing plaintiff's complaint, with costs.

MARTIN, P. J., O'MALLEY, TOWNLEY and UNTERMYER, JJ., concur.

Judgment unanimously reversed, with costs, and the complaint dismissed, with costs