Rebecca Swidler et al., Appellants, *v.* Knocklong Corp., et al., Respondents.

Argued May 19, 1953; decided July 14, 1953.

*Jacob Krisel* and *George Lessall* for appellants. I. To permit the default judgment of partition to have the effect of validating the tax deed, itself obtained without notice to the owners, where

the order for service by publication dispensed with mailing the summons, constitutes the taking of property without due process. (*Valz* v. *Sheepshead Bay Bungalow Corp.*. 249 N. Y. 122; *City of Buffalo* v. *Hawks,* 226 App. Div. 480, 251 N. Y. 588; *City of Utica* v. *Proite,* 178 Misc. 925, 288 N. Y. 477; *Mullane* v. *Central Hanover Tr. Co.,* 339 U. S. 306; *New York* v. *N. Y., N. H. & H. R. Co.,* 344 U. S. 293; *Wuchter* v. *Pizzutti,* 276 U. S. 13; *Shushereba* v. *Ames,* 255 N. Y. 490; *Matter of Security Trust Co. of Rochester,* 189 Misc. 748, 277 App. Div. 837; *Korn* v. *Lipman,* 201 N. Y. 404; *County of Nassau* v. *Foster,* 279 App. Div. 1094.) II. Notice to redeem not having been given to the record owners, the County Treasurer's tax deed was void and conveyed no title. (*City of White Plains* v. *Hadermann,* 272 App. Div. 507, 297 N. Y. 623; *Dunkum* v. *Maceck Bldg. Corp.,* 256 N. Y. 275; *Helterline* v. *People,* 295 N. Y. 245; *Lockwood* v. *Gehlert,* 127 N. Y. 241; *Wallace* v. *McEchron,* 176 N. Y. 424; *Olds* v. *City of Jamestown,* 280 N. Y. 281.) III. Where a court does not have jurisdiction of defendant or subject matter, its judgment is of no effect; fraud committed in these jurisdictional matters is extrinsic fraud which destroys any judgment as though the court had no jurisdiction; these matters may be demonstrated in a collateral attack on a judgment. (*Lapiedra* v. *American Sur. Co.,* 247 N. Y. 25; *Risley* v. *Phenix Bank of City of N. Y.,* 83 N. Y. 318; *Woodward* v. *Mutual Reserve Life Ins. Co.,* 178 N. Y. 485; *Mandeville* v. *Reynolds,* 68 N. Y. 528; *Ferguson* v. *Crawford,* 70 N. Y. 253; *Matter of Spring,* 280 App. Div. 642; *Arcuri* v. *Arcuri,* 265 N. Y. 358; *Jacobowitz* v. *Herson,* 268 N. Y. 130; *Roderigas* v. *East Riv. Sav. Inst.,* 76 N. Y. 316.) IV. The County Court had no jurisdiction of an action to validate a void deed under the guise of a pretended partition; its judgment is, therefore, void and may be attacked collaterally. (*Hughes* v. *Cuming,* 165 N. Y. 91; *Jasper* v. *Rozinski,* 228 N. Y. 349; *Thomas* v. *Harmon,* 122 N. Y. 84; *Stappenbeck* v. *Mather,* 73 Misc. 434; *Ertrachter* v. *Locust Bldg. Co.,* 102 Misc. 368; *Majestic Tile Co.* v. *Nicholls,* 161 Misc. 231; *O'Connor* v. *O'Connor,* 249 App. Div. 515; *Side* v. *Brenneman,* 7 App. Div. 273; *Fraser* v. *Bowerman,* 104 Misc. 260, 187 App. Div. 926; *Mandeville* v. *Reynolds,* 68 N. Y. 528.) V. Plaintiffs' right are not barred until the entry of a judgment in an action pursuant to the Nassau County Adminis-

trative Code. (*Seafire, Inc.*, v. *Ackerson*, 193 Misc. 965, 275 App. Div. 717, 302 N. Y. 668; *French* v. *Edwards*, 13 Wall. [U. S.] 506; *Lockwood* v. *Gehlert*, 127 N. Y. 241; *Matter of City of Rochester*, 208 N. Y. 188; *Connolly* v. *Denton*, 184 Misc. 761; *Greenleaf* v. *Brooklyn, F. & C. I. Ry. Co.*, 141 N. Y. 395; *Karameros* v. *Luther*, 279 N. Y. 87; *Schuylkill Fuel Corp.* v. *Nieberg Realty Corp.*, 250 N. Y. 304.) VI. To permit the partition judgment to bar plaintiffs' rights is to sanction the use of these judgments as an instrument of fraud. (*Mandeville* v. *Reynolds*, 68 N. Y. 528; *Tax Lien Co.* v. *Schultze*, 213 N. Y. 9; *Matter of Edwards*, 196 Misc. 997; *House* v. *Lockwood*, 137 N. Y. 259; *New York & H. R. R. Co.* v. *Haws*, 56 N. Y. 174; *755 Seventh Ave. Corp.* v. *Carroll*, 266 N. Y. 157.)

*Charles E. Lapp, Jr.*, for Knocklong Corp., respondent. I. There are no questions of law. (*Gautier* v. *Ditmar*, 204 N. Y. 20; *People ex rel. Quaranto* v. *Moynahan*, 148 App. Div. 744, 205 N. Y. 590; *Keely* v. *Sanders*, 99 U. S. 441; *People ex rel. Atkins* v. *City of Buffalo*, 63 App. Div. 563; *League* v. *Texas*, 184 U. S. 156; *City of New Rochelle* v. *Echo Bay Waterfront Corp.*, 268 App. Div. 182, 294 N. Y. 678; *Delavan Home & Land Co.* v. *County of Erie*, 188 Misc. 299, 294 N. Y. 847; *County of Nassau* v. *Foster*, 279 App. Div. 1094; *Valz* v. *Sheepshead Bay Bungalow Corp.*, 249 N. Y. 122.) II. The findings of the lower courts exonerating defendants of any fraud, concealment or misrepresentation were determinations of fact, amply supported by evidence, and should not be disturbed. (*Boyd* v. *Boyd*, 252 N. Y. 422; *York Mtge. Corp.* v. *Clotar Constr. Corp.*, 254 N. Y. 128; *Costa* v. *Benger*, 254 N. Y. 510; *Gilbert* v. *Real Estate Co. of Brooklyn*, 155 App. Div. 411; *Karsch* v. *Kalabza*, 144 App. Div. 305; *Hansen* v. *Brooklyn Trust Co.*, 246 App. Div. 843; *Johnson* v. *R. T. K. Petroleum Co.*, 289 N. Y. 101; *Housman* v. *Waterhouse*, 191 App. Div. 850; *Carr* v. *Morris*, 191 App. Div. 671; *Latham* v. *Sheff*, 193 App. Div. 576.) III. Honest mistakes in an affidavit for publication will not nullify the final judgment or order for publication nor prevent the acquisition of jurisdiction over defendants so served. The findings below of good faith and lack of concealment required a dismissal of the complaint. (*Ward* v. *Town of Southfield*, 102 N. Y. 287; *Mandeville* v. *Reynolds*, 68 N. Y. 528; *Ross* v. *Wood*, 70 N. Y. 8; *Mayor of*

*City of N. Y.* v. *Brady,* 115 N. Y. 599; *Parham* v. *Burns,* 135 App. Div. 884, 201 N. Y. 559; *Reich* v. *Cochran,* 105 App. Div. 542; *Ingalls* v. *Merchants' Nat. Bank,* 51 App. Div. 305; *Rice* v. *Bruff,* 87 Hun 511; *Arcuri* v. *Arcuri,* 265 N. Y. 358; *Crouse* v. *McVickar,* 207 N. Y. 213; *Aparicio* v. *New England Equitable Ins. Co.,* 177 App. Div. 551, 221 N. Y. 629.)

*E. Robert Pratt* for Gresa Realty Co., Inc., respondent. I. Appellants have not shown the affidavit to be fraudulent. Therefore, the County Court judgment is an absolute bar to this action and the judgment below, dismissing the complaint, must be affirmed. (*Wilhelm* v. *Wood,* 151 App. Div. 42.) II. In any event, as between two innocent parties, appellants and respondent Gresa, Gresa must prevail. (*Deyo* v. *Hudson,* 225 N. Y. 602; *Van Schaick* v. *National City Bank of N. Y.,* 245 App. Div. 525, 271 N. Y. 570; *McConnell* v. *Hellwig,* 190 App. Div. 244; *Kantor* v. *Cohn,* 98 Misc. 355.)

DESMOND, J. Plaintiffs Swidler and Miller, on the one hand, and defendant Gresa Realty Co. on the other, make conflicting claims to the ownership of vacant land in Nassau County. Swidler and Miller claim under a deed to their predecessors from the heirs of Katherine Laffey, a former owner who died in 1920. Defendant Gresa claims through predecessors who purchased a tax title resulting from a Laffey default in paying, and from the sale of, a school tax installment. Most simply stated, the situation is this: in December, 1948, defendant Gresa's predecessor took a tax deed which purported to wipe out the ownership of Katherine Laffey; that tax deed grantee, however, failed, after the tax sale, to give an appropriate notice to redeem, since the notice to redeem which was sent by that predecessor, was directed to Katherine Laffey, who was long since dead; that tax deed grantee (defendant Gresa's predecessor) then started a partition action, hereinafter referred to, naming the Laffey heirs as defendants and asking that their interests if any be cut off, in which action a *lis pendens* was filed on January 20, 1949. However, the heirs of Katherine Laffey, who apparently did not know of, or who had ignored, the previous tax sale and deed, sold the property, by deed recorded January 28, 1949, eight days after the *lis pendens,* to predecessors of plaintiffs, for value. In March, 1949, defendant Gresa's

predecessor, as plaintiff in the partition action above referred to, obtained an order for publication, as against the Laffey heirs; they were served by publication, and eventually a judgment was entered against them, wiping out, or purporting to wipe out, the Laffey interest.

The present action was brought under article 15 of the Real Property Law to get an adjudication that the tax title to which defendant Gresa succeeded is void for two alleged reasons: first, because the notice to redeem was never served on the Laffey heirs, but was attempted to be served on Katherine Laffey who was dead; and, second, because, as plaintiffs claim, the order and service by publication above referred to in the partition action was " void ", since it was based on an affidavit that the Laffey heirs could not be found, whereas, if a more complete search of certain Nassau County records had been made, there would have been discovered the deed from the Laffey heirs recorded a few days after the *lis pendens,* and which deed contained the addresses of the Laffey heirs.

This present action was tried on undisputed basic facts, and resulted in a judgment in favor of defendants, with a brief opinion in which the Trial Justice said that the only issue was whether there had been a constructive fraud on the court, in the earlier (partition) action, in that the order of publication therein was obtained on affidavits which said that the Laffey heirs could not be located, whereas in fact the search of Nassau County records for clues as to their whereabouts had been made only up to the time of filing the *lis pendens,* and a later search of the records would have shown the later deed from the Laffey heirs to the predecessors of plaintiffs. The trial court held that the attorney who brought that suit, in obtaining the order of publication, had not actually deceived the court, and that there was no constructive fraud, so that the judgment in that earlier action was good, and wiped out the interest of the Laffey heirs and their successors in title (plaintiffs). No opinions were written on the affirmance in the Appellate Division.

We will attempt to clarify all this, and summarize the undisputed proof, in this chronological table:

February 9, 1920 — Katherine Laffey, record owner (no mortgage on property) died intestate, leaving the " Laffey heirs ".

December 11, 1946 — the County Treasurer of Nassau County sold these premises for unpaid second half 1946 school taxes of $51, to defendants here, Connolly and Knocklong; it seems undisputed in the record that the property was worth several thousand dollars and was afterwards sold to plaintiffs for $10,000 and to defendant Gresa for $6,000; it is undisputed, too, that defendant Connolly, one of the tax purchasers, was a sister of the special tax counsel for the County Treasurer of Nassau County, that defendant Knocklong was a corporation which had its office in the tax counsel's office, and that the lawyer who afterwards acted in the partition suit for Knocklong was a sister and office associate of the special tax counsel.

September 8, 1948 — the tax purchasers attempted to serve, by mail, a three months' notice to redeem on Katherine Laffey, but, since she was dead, the notice was never delivered but was returned to the senders.

December 13, 1948 — the Nassau County Treasurer gave a tax deed to Connolly and Knocklong, which was recorded January 17, 1949.

January 20, 1949 — Knocklong filed the *lis pendens* and summons and complaint, in an action in County Court, Nassau County, against Connolly and the Laffey heirs, for a partition of this property (and a number of other non-Laffey parcels) between Knocklong and Connolly, asking, also, for a judgment that the Laffey heirs had no right, title or interest; it was in this County Court action that the now contested order of publication against the Laffey heirs was obtained (see below).

January 28, 1949 — deed dated January 21, 1949, recorded in Nassau County, from all the Laffey heirs to Leighton, predecessor of plaintiffs, a mortgage being given back by Leighton to the Laffeys; this deed contained the residence address of the Laffey heirs, but this transaction was closed without the parties knowing of the tax sale and deed, or that there was already on file the County Court *lis pendens* and complaint above referred to, although the parties to the Laffey-Leighton sale were represented by attorneys, later tax bills received by the Laffeys showed " arrears ", and a search was made of the records; actually a title searcher had found the *lis pendens* but the abstract company, it seems, paid no attention to it.

February 21, 1949 — deed from Leighton to plaintiffs recorded.

March 28, 1949 — affidavit filed by the attorney for plaintiff Knocklong, in the County Court suit above referred to, also an affidavit by one Keyes, both of which affidavits described elab-orate efforts to locate the Laffeys, the lawyer's affidavit stating, among other things, that she had caused the Nassau County records to be searched and had found no record of any convey-ance or instrument affecting the title or made by any defendant since acquisition of title; technically speaking, the lawyer's affi-davit was perhaps incomplete or even, possibly, misleading, since no search had been made of the public office records after the filing of the *lis pendens;* the Keyes affidavit, however, described efforts to serve the papers, without giving dates, but necessarily those were efforts made after the *lis pendens* had been filed; on these affidavits there was made an order of publication with mailing dispensed with, against the Laffeys, and there is no dispute that service by publication against them was made, as prescribed by the order.

June 22, 1949 — judgment was entered in favor of Knocklong in the partition action above referred to, which judgment barred the Laffey heirs and their successors and decreed Knocklong and Connolly, the tax purchasers, to be tenants in common of the property; Knocklong afterwards conveyed its interest to Connolly.

November 9, 1949 — the Laffeys made a motion to vacate the judgment just above referred to, but that motion was later withdrawn because made in the wrong court.

November 10, 1949 — Connolly conveyed the premises to defendant Gresa for value; this deed was made on the day after the motion just above referred to but there is no proof or finding that Gresa knew of the alleged defects in Connolly's title.

April 24, 1950 — this present action was brought in an effort to obtain an adjudication that Gresa's record title is void because of the inadequate notice to redeem from the tax sale, and because, as claimed by plaintiffs here, there was a constructive fraud on the court in the obtaining of the publication in the County Court action, in which there was a later judgment barring the Laffey's claim to the land.

The view of the trial court here was that the whole question was as to whether the publication order had been obtained by a constructive fraud on the court. The court's holding was that there was no such fraud and, apparently, the basis for that was this: the attorney's affidavit, in procuring the publication order, may have been technically inaccurate or vague in that it referred to a search of the records but did not show that such a search had been made up to the time of the *lis pendens* only; however, as we assume, the Judge had in mind, and we may take judicial notice, that the filing of a *lis pendens* in such an action is a cut-off point, and that anything done with the title thereafter is subject to *lis pendens,* so, it would seem, a lawyer would be justified in asking for an order of publication on the basis of information available up to the time of the *lis pendens* filing. There is no dispute here as to the testimony that a search of records up to the *lis pendens* date only, and the use of this form of affidavit, represented customary practice in Nassau County in such cases. There is no claim here that there was any other constructive fraud on the court and the affidavit of the attorney, and that of Keyes, on which the order of publication was granted, show an elaborate but unsuccessful search for the Laffey heirs. Of course, it is true, as it always must be true as to actually living persons, that sufficient further search (such as inquiring from lawyers who had represented them years before, etc.) would have found them, but that objection could be made as to any order of publication against missing persons.

Cases like *Valz* v. *Sheepshead Bay Bungalow Corp.* (249 N. Y. 122) say that the failure to make due service by publication may (it did not in that case) void a judgment affecting real property, and that such voidness may be established, collaterally, in a separate action like the present one. However, the *Valz* opinion itself points out that, on such a collateral attack in an action like the present one, the question is whether the prior judgment was so far invalid as to amount to a denial of due process. That question has been decided in this present action by both courts below in favor of the validity of the service in the prior action, and we could not hold, as matter of law, that the affidavits on which the publication order was obtained were so fraudulent as to make the order itself, and the subsequent service and

judgment, nullities. The affirmed finding below is that there was no fraud at all.

The Trial Term held, and appellants practically concede here, that they are not entitled to succeed in this action unless they have established that the attorney's affidavit on which the order of publication was granted was so fraudulent as to make the order of publication and the service pursuant to it, and the judgment entered thereon, absolutely void. To get judgment here they had, of course, to do much more than show that a better or more complete search for the Laffey heirs could have been made, or that the affidavit was not sufficiently definite as to facts, or that the Special Term which granted it could have rejected it as insufficient, and asked for more proof. The affidavit, it seems to us, was, on its face, a sufficient basis for an order of publication and so the publication order was not jurisdictionally defective (see discussion in *Kennedy* v. *Lamb*, 182 N. Y. 228, and cases cited therein). It must be remembered that this is a collateral attack, by action, on a judgment in another cause, and the plaintiffs have the heavy burden of establishing that, in issuing the order of publication, the County Court was defrauded (see *Reich* v. *Cochran,* 105 App. Div. 542, 553 *et seq.*). There is strong authority in this court (*Ward* v. *Town of Southfield,* 102 N. Y. 287, 293) that for a successful collateral attack, by action, on a judgment there must be a clear and satisfactory proof of actual, and not constructive, fraud.

Appellants place principal reliance upon *Lapiedra* v. *American Sur. Co.* (247 N. Y. 25) but the situation there was quite different. There the Surrogate, on an allegation that an administrator had been removed, appointed a new administrator, whereas in fact the previous administrator had never been removed at all. This court quite properly held that, since the removal of the former administrator was the sole necessary jurisdictional fact for the appointment of a successor, the appointment of a successor by the Surrogate, on his mistaken belief that there was a vacancy, was a wholly void judicial act. We do not see the pertinence of that case here.

Appellants argue also, as pointed out above, that the original tax deed was void, since no proper notice to redeem was ever served, and argue that the judgment in the partition action could

not remedy that defect, particularly since the holders of the tax deed or their successors did not bring such an action for validation of a tax deed, as is prescribed and described in section 5–57.1 of the Nassau County Administrative Code (L. 1939, ch. 704). As to the first of those contentions, that is, that the tax deed itself was void because of a failure to serve the notice to redeem on living persons, the answer seems to be in subdivision g of section 5–51.0 of the Nassau County Administrative Code which says specifically that the validity of such a deed shall not be affected or impaired by the failure to give notice to redeem, but that the time to redeem shall continue until the entry of judgment in a so-called code action under section 5–57.1. The best that appellants can claim, from this situation, is that because of the failure to give the notice to redeem or to bring a " Code action ", their time to redeem is still running, possibly, but it is the undisputed fact here that appellants have never attempted or offered to redeem and are not doing so now. The present action is brought under the theory that defendants simply have no title at all. It is true that, instead of the partition action, the tax purchasers could have brought a " Code action ", and that in that action they would have (by statute) been required to give the former owners an opportunity to redeem. However, the tax purchasers were under no obligation to bring a so-called " Code action " since, as the Nassau County Administrative Code itself says, (*supra*) their deed was valid despite the failure to give notice to redeem. The prime question therefore is whether the judgment in the partition action barring the Laffey heirs was good against collateral attack. We are convinced that it was. We see no reason to doubt that, despite the statutory provisions for a " Code action ", any alleged rights of former owners might be barred in a partition action, as they could be in a mortgage foreclosure action, or any other appropriate form of suit. The Nassau County Administrative Code does not limit a tax deed grantee to a code action, but is permissive.

Appellants here make much of what might be considered suspicious circumstances such as the relationship between Hurley, the special tax attorney, the attorney for plaintiff in the partition suit, and Connolly and Knocklong, and the failure of the latter attorney to examine county records after the *lis*

*pendens,* but no proof of actual fraud was attempted except as plaintiffs sought unsuccessfully to have inferences drawn from the records and these circumstances; they were met with proof, which the courts below accepted, that there was no actual or constructive fraud, that the failure to search these records for the period between January and March, 1949, was customary, and that its dire results here were due not to any fault on the part of the attorney in the partition action, but to the unaccountable failure of title examiners to note, or act upon, defects appearing in the direct chain of title, since not only the tax deed, but the *lis pendens* naming the Laffey heirs had been filed and indexed before the predecessors of plaintiffs took title. Respondent Gresa says that these facts bring into play the rule of *Deyo* v. *Hudson* (225 N. Y. 602) and similar cases, that where one of two innocent persons must suffer from the fraud of the third, the loss must fall on the one principally at fault for letting the third party do the injury (see *Van Schaick* v. *National City Bank,* 245 App. Div. 525, affd. 271 N. Y. 570; and *Industrial Bank of Commerce* v. *Packard Yonkers Corp.,* 304 N. Y. 622). In other words, respondent Gresa says that both Gresa and plaintiffs are innocent purchasers for value, but that both acted on separate mistakes of fact and that if there was any fraud (none was found here), then plaintiffs and their predecessors were principally to blame for the ultimate results thereof, in that they overlooked or ignored the tax deed and the *lis pendens.* But this " innocence " doctrine is rather a vague one, and its application to the present facts is not free from doubt, so we do not rely on it.

The judgment should be affirmed, with costs.

LEWIS, Ch. J., DYE, FULD, FROESSEL and VAN VOORHIS, JJ., concur; CONWAY, J., concurs in the result upon the ground that the jurisdictional defect claimed to have been present in the partition action does not appear upon the face of the record there and thus, being latent, may not be reached by collateral attack in an independent action.

Judgment affirmed.