■ In the Matter of MIGUEL VILCA et al., Appellants, v VILLAGE OF PORT CHESTER, Respondent. [681 NYS2d 291] —In a tax lien foreclosure proceeding, the appeal is from an order of the Supreme Court, Westchester County (Coppola, J.), entered September 30, 1997, which denied the appellants' motion, *inter alia,* to vacate those portions of a judgment dated August 26, 1994, and a corrected judgment dated July 14, 1995, which awarded the Town of Rye title to certain property at 68-70 Westchester Avenue, Port Chester, identified as Section 2, Block 98, Lots 1B and 1C on the tax map of the Town of Rye.

Ordered that the order is affirmed, with costs.

The appellants' property situated in the Village of Port Chester, Town of Rye, was taken by the Town in a tax lien foreclosure proceeding. The Town subsequently transferred title to the property to the Village of Port Chester. This appeal is from an order denying the appellants' motion to vacate the judgment, and a subsequent corrected judgment on the ground, *inter alia,* that they did not receive legal notice of the in rem foreclosure proceeding, because the notice was mailed to the property address—a vacant lot—rather than to the address of their Connecticut home. The motion was properly denied.

In an in rem proceeding " 'where the interest[s] of a property owner will be substantially affected * * * and where the owner's name and address are known, due process requires that actual notice be given' " (*Pompe v City of Yonkers,* 179 AD2d 628, 629, *lv denied* 81 NY2d 701, *cert denied* 510 US 871, quoting *Matter of McCann v Scaduto,* 71 NY2d 164, 176; *see also, Mennonite Bd. of Missions v Adams,* 462 US 791; *Mullane v Central Hanover Bank & Trust Co.,* 339 US 306). Thus, in commencing an in rem tax lien foreclosure proceeding, the taxing authority is required to comply with the provisions of the RPTL, which states, *inter alia,* that the enforcing officer "cause a copy of the notice to be mailed to the last known address of each owner of real property affected * * * as [it] appears upon the records in the office of the enforcing officer" (RPTL 1124 [2]; *see also, Pompe v City of Yonkers,* 179 AD2d 628, 629, *supra*).

Lack of technical compliance with RPTL 1124 (2) is necessarily fatal to an in rem tax foreclosure proceeding only where the failure to comply with the statute was the reason the property owner did not receive the notice to which he or she was entitled (*see, Wiesniewski v Basinait,* 59 AD2d 1028). In giving notice, the failure of the enforcing officer to avail itself of information in its own records of an owner's actual address creates an issue of fact as to whether there has been strict compliance with the notice requirements (*see, Tobia v Town of Rockland,* 106 AD2d 827, 828). However, strict technical compliance with each statute in the notification scheme is not constitutionally mandated if there is actual notice, which is the goal of such a scheme (*Pompe v City of Yonkers, supra*).

The record shows that although the appellants did not authorize the Receiver of Taxes of the Town to mail tax bills to their Connecticut home, the Receiver of Taxes took it upon herself to do so after certain tax bills mailed to the property address were returned as undeliverable. Thus, the Receiver of Taxes had information in her own records which showed that the actual address of appellants was their home address in Connecticut. Notice of the in rem proceeding, however, was mailed to the vacant lot. Clearly, therefore, the appellants did not receive the legal notice of the in rem proceeding as required by the RPTL.

However, the appellants' denial of receipt of the mailed notice, standing alone, is insufficient to rebut the presumption of regularity favoring the Town (*see, Matter of the Foreclosure of Tax Liens,* 216 AD2d 932; *Best v City of Rochester,* 195 AD2d 1073; *Matter of Tax Foreclosure Action No. 33,* 141 AD2d 437).

While the appellant Miguel Vilca denies ever receiving the legal notice, nowhere in his affidavit does he contradict the assertion by the Receiver of Taxes that she and other employees of her office personally told him of the tax status of his property, as well as the pending in rem foreclosure proceeding. Consequently, Mr. Vilca had actual notice of the in rem proceeding based on his conversations with the Receiver of Taxes and other employees in her office. Since the appellants came forward with no evidence to dispute the conclusion that they had actual notice of the in rem proceeding, no constitutional concerns are implicated.

The appellants' contention that the two-year Statute of Limitations began to run from the date of the corrected judgment as opposed to the date of the original judgment is without merit (*see,* RPTL 1136 [7]). Sullivan, J. P., Krausman, Goldstein and Luciano, JJ., concur.