■ In the Matter of the FORECLOSURE OF TAX LIENS PURSUANT TO ARTICLE 11, TITLE 3, OF THE REAL PROPERTY TAX LAW BY THE CITY OF NEWBURGH, Appellant. CHASE MORTGAGE COMPANY—WEST, Respondent. [736 NYS2d 892] —In a proceeding to foreclose liens for unpaid taxes, the City of Newburgh appeals from an order of the Supreme Court, Orange County (McGuirk, J.), dated September 14, 2000, which granted the motion of Chase Mortgage Company—West to vacate so much of a judgment of the same court, dated February 24, 2000, as, upon its default in answering, foreclosed a tax lien on the subject property.

Ordered that the order is affirmed, with costs.

Contrary to the contention of the appellant City of Newburgh (hereinafter the City), the Supreme Court providently exercised its discretion in granting the mortgagee's motion to vacate so much of a judgment of foreclosure as pertained to the subject property. Under the circumstances, the correct address of the mortgagee was "reasonably ascertainable" (RPTL 1125 [1]) and the City could have provided actual notice to the mortgagee without resorting to "extraordinary efforts" (*Vilca v Village of Port Chester,* 255 AD2d 593, 594). Moreover, the court properly balanced the City's interest in avoiding costly verification procedures with "the individual's interest in actually being informed of proceedings affecting rights or property" (*Matter of McCann v Scaduto,* 71 NY2d 164, 173; *see, Mullane v Central Hanover Bank & Trust Co.,* 339 US 306, 314-315; *Matter of Tax Foreclosure No. 35, 127 AD2d 220, affd* 71 NY2d 863).

The City's remaining contentions are without merit. O'Brien, J.P., McGinity, H. Miller and Adams, JJ., concur.