■ WEST BRANCH REALTY CORP., Respondent, v COUNTY OF PUTNAM, Appellant, et al., Defendants. [740 NYS2d 135] —In an action, inter alia, to set aside a judgment of foreclosure for nonpayment of real estate taxes of certain real property formerly owned by the plaintiff, the defendant County of Putnam appeals from (1) so much of an order of the Supreme Court, Putnam County (Hickman, J.), dated April 26, 2001, as granted the plaintiff's motion for summary judgment, and (2) a judgment of the same court, dated July 16, 2001, vacating a judgment of foreclosure dated October 8, 1998, and a conveyance to the defendant John T. Reiger dated December 31, 1998.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).

Pursuant to RPTL 1125 (1), the defendant County of Putnam must provide actual notice of an in rem foreclosure proceeding to all parties "whose right, title, or interest [in the property] was a matter of public record as of the date the list of delinquent taxes was filed." Such notice, to satisfy due process, must be given to identifiable parties at the address shown on the tax and real property records (*see Matter of McCann v Scaduto,* 71 NY2d 164, 176; *Congregation Yetev Lev D'Satmar v County of Sullivan,* 59 NY2d 418, 426; *Kennedy v Mossafa,* 291 AD2d 378; *Szal v Pearson,* 289 AD2d 562; *Cornwall Warehousing v Town of New Windsor,* 238 AD2d 370, 371; *Anthony v Town of Brookhaven,* 190 AD2d 21, 28; *Tobia v Town of Rockland,* 106 AD2d 827, 828).

The plaintiff established that its identity as owner and its most recent address were properly listed in the tax records of the Town of Kent in 1994, well in advance of the in rem foreclosure proceeding commenced in 1998. The plaintiff never authorized a change of this address. The fact that in August 1995 the mortgagee notified the Town of Kent of its separate address neither excused the County of Putnam from notifying the plaintiff as owner nor authorized the Town of Kent to change the owner's address in its records. Due process is not satisfied by notice to a mortgagee on behalf of an owner any more than it is satisfied by notice to an owner on behalf of a mortgagee (*see Mennonite Bd. of Missions v Adams,* 462 US 791, 798; *cf. Matter of Foreclosure of Tax Liens by City of Newburgh [Chase Mtge. Co.—W.],* 291 AD2d 405).

In opposition to the plaintiff's establishment of a prima facie case for summary judgment, the defendant County of Putnam failed to raise a triable issue of fact as to whether the plaintiff was given actual notice of the in rem foreclosure proceeding. Accordingly, the plaintiff's motion for summary judgment was correctly granted. Ritter, J.P., O'Brien, Crane and Cozier, JJ., concur.