■ JOHN LOVE et al., Respondents, v COUNTY OF ORANGE et al., Appellants, et al., Defendants. [955 NYS2d 57]—

In 2007 the County of Orange commenced a tax foreclosure proceeding with respect to certain real property owned by the plaintiffs. Upon the plaintiffs' default in answering, the County

obtained a judgment of foreclosure. Based upon the judgment of foreclosure, a deed was issued conveying title to the subject property to the County. Thereafter, the County issued a deed conveying title to the property to the defendant Alfred A. Fusco III.

The plaintiffs commenced this proceeding, inter alia, to vacate the deeds to the subject property and the judgment of foreclosure. The defendants County of Orange and Joel Kleiman (hereinafter together the County defendants) moved for summary judgment dismissing the complaint insofar as asserted against them, and the plaintiffs cross-moved for summary judgment on the complaint.

In connection with an in rem tax foreclosure proceeding, the "requirements of due process are satisfied where [the municipality serves] 'notice [that is] reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections' " (*Matter of Harner v County of Tioga*, 5 NY3d 136, 140 [2005], quoting *Mullane v Central Hanover Bank & Trust Co.*, 339 US 306, 314 [1950]).

RPTL 1125 provides, among other things, that in commencing a tax foreclosure proceeding, the enforcing officer must send notice to the property owner and other persons whose interest may be affected by the proceeding, "and whose name[s] and address[es] are reasonably ascertainable from the public record" (RPTL 1125 [1] [a]; *see Kennedy v Mossafa*, 100 NY2d 1, 9-10 [2003]). That statute also provides that notice of a tax foreclosure proceeding must be sent by both certified and ordinary first class mail. If both of those notices are returned by the post office within 45 days, the enforcing officer must attempt to obtain an alternative mailing address from the United States Postal Service and, if such alternative mailing address is found, the notice must be mailed to that address by both certified and ordinary first-class mail (*see* RPTL 1125 [1] [b] [i], [ii]).

Here, the record shows, inter alia, that the County was provided with the proper mailing address for the plaintiffs at the time of the plaintiffs' 2004 purchase of the subject property. The plaintiff Patricia Love filled out a real property transfer report upon the plaintiffs' purchase of the property, and a copy of that report was sent to the County real property tax department. However, the Town Tax Assessor incorrectly recorded in the Town and County tax assessment records a Tarpon Springs, Florida address for the plaintiffs, which was their former address.

In 2007, an official from the County real property tax depart-

ment sent the foreclosure notice and petition, by certified and ordinary first-class mail, to that Florida address. When both copies of the foreclosure petition mailed in 2007 were returned, an official from the County real property tax department contacted the Tarpon Springs postmaster, and obtained a possible alternate address for the plaintiffs. The County official then sent a copy of the petition to that alternate address by certified mail. The County official did not know whether she also sent a copy of the petition to the alternate address by regular mail, as required by RPTL 1125 (1) (b) (ii). In support of their summary judgment motion, and in opposition to the plaintiffs' cross motion, the County defendants did not submit any other proof that the County sent a copy of the petition to the alternate address by regular mail.

Under these circumstances, the plaintiffs demonstrated, prima facie, that the County did not provide them with proper notice of the foreclosure proceeding, and in opposition to that showing, the County defendants failed to raise a triable issue of fact as to that matter (*see* RPTL 1125 [1]; *West Branch Realty Corp. v County of Putnam*, 293 AD2d 528, 529 [2002]; *Matter of County of Erie [Virella—Castro]*, 225 AD2d 1089, 1090 [1996]; *see also Prisco v County of Greene*, 289 AD2d 681, 683 [2001]; *cf. Matter of Vilca v Village of Port Chester*, 255 AD2d 593, 594 [1998]). Accordingly, the Supreme Court did not err in granting the plaintiffs' cross motion for summary judgment, and denying the County defendants' motion for summary judgment.

In light of our determination, we need not reach the parties' remaining contentions. Mastro, J.P., Florio, Lott and Cohen, JJ., concur.