Forest Glen Realty, LLC v T11 Funding (2022 NY Slip Op 05313)

Forest Glen Realty, LLC v T11 Funding

2022 NY Slip Op 05313

Decided on September 28, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 28, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
SHERI S. ROMAN
LINDA CHRISTOPHER
DEBORAH A. DOWLING, JJ.

2018-12566
2018-12567
 (Index No. 609334/17)

[*1]Forest Glen Realty, LLC, et al., respondents- appellants, 
v
T11 Funding, et al., appellants- respondents, et al., defendants.

William Yurus, Pleasantville, NY, for appellant-respondent T11 Funding.
Thomas A. Adams, County Attorney, Mineola, NY (Robert F. Van der Waag of counsel), for appellants-respondents County of Nassau, Beaumont A. Jefferson, and James E. Davis.
Sahn Ward Coschignano, PLLC, Uniondale, NY (Joseph R. Bjarnson and Adam H. Koblenz of counsel), for respondents-appellants.

DECISION & ORDER
In an action, inter alia, pursuant to RPAPL article 15 for a judgment declaring that a deed dated May 25, 2017, conveying certain real property owned by the plaintiff Forest Glen Realty, LLC, to the defendant T11 Funding is null and void and, alternatively, for a judgment declaring that the plaintiff Forest Glen Realty, LLC, has the right pursuant to Nassau County Administrative Code § 5-57.1(d) to set aside the subject deed and to satisfy the tax liens on which the subject deed was based, the defendant T11 Funding appeals, the defendants County of Nassau, Beaumont A. Jefferson, and James E. Davis separately appeal, and the plaintiffs cross-appeal, from (1) an order of the Supreme Court, Nassau County (Jeffrey S. Brown, J.), dated September 21, 2018, and (2) a judgment of the same court entered October 15, 2018. The order, insofar as appealed from, granted that branch of the plaintiffs' motion which was for summary judgment on the third cause of action. The order, insofar as cross-appealed from, denied that branch of the plaintiffs' motion which was for summary judgment on the first cause of action and granted those branches of the cross motion of the defendant T11 Funding which were for summary judgment dismissing the first and fifth causes of action insofar as asserted against it. The judgment, upon the order, declared that the plaintiff Forest Glen Realty, LLC, has the right pursuant to Nassau County Administrative Code § 5-57.1(d) to redeem and satisfy the tax liens on which the subject deed was based, directed the Nassau County Treasurer to accept payment from the plaintiff Forest Glen Realty, LLC, to redeem and satisfy the tax liens in accordance with the terms of the Nassau County Administrative Code and to discharge the tax liens, directed the Nassau County Clerk to cancel and vacate the subject deed, and declared that the plaintiff Forest Glenn Realty, LLC, is the fee owner of the property known as 20 Forest Avenue, Glen Cove, New York, pursuant to a deed dated February 28, 2008.
ORDERED that the appeals and cross appeal from the order are dismissed; and it is further,
ORDERED that the cross appeal from the judgment is dismissed, without costs or disbursements, as the plaintiffs are not aggrieved by the portion of the judgment cross-appealed from (see CPLR 5511); and it is further,
ORDERED that the judgment is reversed, on the law, that branch of the plaintiffs' motion which was for summary judgment on the third cause of action is denied, that branch of the plaintiffs' motion which was for summary judgment on the first cause of action is granted, that branch of the cross motion of the defendant T11 Funding which was for summary judgment dismissing the first cause of action insofar as asserted against it is denied, the order dated September 21, 2018, is modified accordingly, and the matter is remitted to the Supreme Court, Nassau County, for the entry of an appropriate amended judgment, inter alia, declaring that the deed dated May 25, 2017, conveying the subject real property owned by the plaintiff Forest Glen Realty, LLC, to the defendant T11 Funding is null and void; and it is further,
ORDERED that one bill of costs is awarded to the plaintiffs payable by the defendants T11 Funding, County of Nassau, Beaumont A. Jefferson, and James E. Davis, appearing separately and filing separate briefs.
The appeals and cross appeal from the order dated September 21, 2018, must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241).
In 2008, the plaintiff Forest Glen Realty, LLC (hereinafter Forest Glen), purchased commercial property in Glen Cove. The plaintiff Glen Cove Pharm, LLC, operates a pharmacy on the premises. On February 17, 2015, the Nassau County Treasurer sold tax liens on the property to the defendant T11 Funding for unpaid general taxes for tax year 2014. By deed dated May 25, 2017, and recorded May 26, 2017, the County Treasurer conveyed the property to T11 Funding (hereinafter the tax deed). T11 Funding subsequently served the plaintiffs with a 10-day notice to quit, and commenced a summary holdover proceeding pursuant to RPAPL 713(4). After interposing an answer in the holdover proceeding, the plaintiffs commenced the instant action, inter alia, to quiet title. As is relevant, the first cause of action sought a judgment declaring the tax deed to be null and void based on the alleged failure of the defendants County of Nassau, Beaumont A. Jefferson, in his official capacity as the Treasurer of Nassau County and its chief fiscal officer, and James E. Davis, in his official capacity as the acting Assessor of Nassau County and the head of the Nassau County Department of Assessment (hereinafter collectively the County defendants), to provide notice of the tax lien sale pursuant to section 5-37.0 of the Nassau County Administrative Code. The third cause of action alleged that T11 Funding commenced the holdover proceeding in an attempt to circumvent Forest Glen's rights under Nassau County Administrative Code § 5-57.l(d), and sought a judgment declaring that Forest Glen has the right pursuant to Nassau County Administrative Code § 5-57.1(d) to set aside the tax deed and to satisfy the tax liens on which the tax deed was based. The fifth cause of action alleged an equal protection violation under 42 USC § 1983.
Following discovery, the plaintiffs moved for summary judgment on the first, third, and fifth causes of action. The County defendants opposed the motion. T11 Funding also opposed the motion, and cross-moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. In an order dated September 21, 2018, the Supreme Court, inter alia, granted that branch of the plaintiffs' motion which was for summary judgment on the third cause of action, determining that the right of redemption provided for in Nassau County Administrative Code § 5-57.1(d) applies to a summary holdover proceeding brought pursuant to RPAPL 713(4). The court otherwise denied the plaintiffs' motion. The court also granted those branches of the cross motion of T11 Funding which were for summary judgment dismissing the first and fifth causes of action insofar as asserted against it. Thereafter, a judgment was entered in favor of the plaintiffs, inter alia, declaring that Forest Glen has the right pursuant to Nassau County Administrative Code § 5-57.1(d) to redeem and satisfy the tax liens on which the tax deed was based, directing that the tax deed be vacated, and directing the County Treasurer to accept payment from Forest Glen to satisfy the liens in accordance with the terms set forth in the Nassau County Administrative Code. T11 Funding and the County defendants separately appeal, and the plaintiffs cross-appeal.
The plaintiffs failed to establish their prima facie entitlement to judgment as a matter of law on the third cause of action, for a judgment declaring that Forest Glen has the right pursuant to Nassau County Administrative Code § 5-57.1(d) to set aside the tax deed and to satisfy the tax liens on which the tax deed was based.
"The right of redemption exists only as permitted by statute, and it can be exercised only as the statute may prescribe" (People ex rel. Quaranto v Moynahan, 148 App Div 744, 746, affd 205 NY 590; see Matter of Blatnicky v Ciancimino, 1 AD2d 383, 385, affd 2 NY2d 943; City of New Rochelle v Echo Bay Waterfront Corp., 268 App Div 182, 191, affd 294 NY 678). "A court's function in interpreting a statute is to 'attempt to effectuate the intent of the Legislature, and where the statutory language is clear and unambiguous, the court should construe it so as to give effect to the plain meaning of the words used'" (Matter of Elgut v County of Suffolk, 1 AD3d 512, 513, quoting Matter of 1605 Book Ctr. v Tax Appeals Trib. of State of N.Y., 83 NY2d 240, 244; see NYCTL 1998-1 Trust v Oneg Shabbos, Inc., 37 AD3d 789, 790; Sawicki v County of Suffolk, 4 AD3d 465, 466; McKinney's Cons Laws of NY, Book 1, Statutes § 92 at 182). Moreover, "'[n]ew language cannot be imported into a statute to give it a meaning not otherwise found therein'" (Matter of Chemical Specialties Mfrs. Assn. v Jorling, 85 NY2d 382, 394, quoting McKinney's Cons Laws of NY, Book 1, Statutes § 94 at 190; see Matter of DeVita, 141 AD2d 46, 51). "As the clearest indicator of legislative intent is the statutory text, the starting point in any case of interpretation must always be the language itself, giving effect to the plain meaning thereof" (Majewski v Broadalbin-Perth Cent. School Dist., 91 NY2d 577, 583; see Matter of Astoria Gas Turbine Power, LLC v Tax Commn. of City of N.Y., 14 AD3d 553, 557, affd 7 NY3d 451).
A special law is "[a] state statute which in terms and in effect applies to one or more, but not all, counties, counties other than those wholly included within a city, cities, towns or villages" (Municipal Home Rule Law § 2[12]). "In the case of a conflict between a general statute and a special statute governing the same subject matter, the general statute must yield" (People ex rel. McCurdy v Warden, Westchester County Corr. Facility, 164 AD3d 692, 694 [internal quotation marks omitted], affd 36 NY3d 251; see McKinney's Cons Laws of NY, Book 1, Statutes § 397 at 574).
Nassau County Administrative Code § 5-57.1(a) (L 1939, ch 704, § 9) provides that "[t]he owner . . . of any specific real property in the County . . . , whose ownership or interest originated in or is founded upon a deed of conveyance executed by the County Treasurer pursuant to section 5-53.0 of the code, may maintain . . . an action to compel the determination of any claim which any person makes or which, as appears, from the public records, any person might make to any legal or equitable estate or interest in such real property." Nassau County Administrative Code § 5-57.1(d) further provides that "any defendant shall have the right, and the plaintiff must in such action specially plead that he [or she] extends such right to such defendant to set aside the deed of the County Treasurer and to satisfy the tax lien on which such deed was based by making a satisfaction pursuant to the terms of section 5-50.0 of the code as if no deed had been issued. . . . Such right of satisfaction shall terminate and cease upon the granting of final judgment."
Contrary to the Supreme Court's determination, the right to redeem provided for in Nassau County Administrative Code § 5-57.1 does not extend to a summary holdover proceeding pursuant to RPAPL 713(4). First, the plain language of Nassau County Administrative Code § 5-57.1 evinces that it specifically addresses actions to quiet title. Moreover, while the court properly determined that Nassau County Administrative Code § 5-57.1 is a special statute (see Municipal Home Rule Law § 2[12]), it does not override RPAPL 713(4), as this is not a case where a special statute is "in conflict with a general act covering the same subject matter" (McKinney's Cons Laws of NY, Book 1, Statutes § 397 at 574; see People ex rel. McCurdy v Warden, Westchester County Corr. Facility, 164 AD3d at 693-694; cf. Matter of Brusco v Braun, 84 NY2d 674, 681). The statutes each address different subject matter, as Nassau County Administrative Code § 5-57.1 addresses an action to quiet title pursuant to the code, while a summary holdover proceeding brought pursuant to RPAPL 713(4) is to recover possession of property. Further, pursuant to Nassau County Administrative Code § 5-57.1(a), a party who acquires title by a deed of conveyance executed by the County Treasurer is under no obligation to commence an action to quiet title under the code. Rather, [*2]the statute states that such a party "may maintain" such an action (see generally Swidler v Knocklong Corp., 305 NY 527, 537). Thus, inasmuch as T11 Funding chose to bring a summary holdover proceeding pursuant to RPAPL 713(4), it cannot be bound by the requirement to extend a right to redeem to the former owners of the property that is contained in Nassau County Administrative Code § 5-57.1(d) (see generally Swidler v Knocklong Corp., 305 NY at 537; People ex rel. McCurdy v Warden, Westchester County Corr. Facility, 164 AD3d at 693-694). Therefore, the plaintiffs failed to establish that Forest Glen has a right to redeem pursuant to Nassau County Administrative Code § 5-57.1.
Accordingly, the Supreme Court erred in granting that branch of the plaintiffs' motion which was for summary judgment on the third cause of action.
Although the plaintiffs' cross appeal from the judgment must be dismissed on the ground that they are not aggrieved by the portion of the judgment cross-appealed from, the contentions raised by the plaintiffs in support of that branch of their motion which was for summary judgment on the first cause of action, for a judgment declaring the tax deed to be null and void based on the alleged failure of the County defendants to provide notice of the tax lien sale pursuant to section 5-37.0 of the Nassau County Administrative Code, can be considered as alternative grounds for granting the plaintiffs relief (see Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539, 545-546).
Nassau County Administrative Code § 5-37.0(a) (L 1939, ch 272, § 5, as in effect Jan. 1, 2016) requires the County Treasurer to cause notice of tax liens to be sent by first-class mail to the name and address of the record owner or occupant and mortgagee of real estate on which the tax liens are to be sold, as shown on the assessment records or on the records kept by the receiver of taxes for the town or city in which the property is located. Strict compliance with the notice of tax lien sale provision is required (see Matter of McCann v Scaduto, 71 NY2d 164, 177; Weinstein v All State Credit Corp., 31 NY2d 835, 837). "The failure to provide a property owner with actual notice of a tax lien sale is a deprivation of due process" (NYCTL 2011-A Trust v Kahn, 163 AD3d 837, 838; see Matter of McCann v Scaduto, 71 NY2d at 170; NYCTL 2009-A Trust v Morris, 144 AD3d 649, 650). "[T]he requirements of due process are satisfied where notice [is] reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections" (Matter of Roslyn Jane Holdings, LLC v Jefferson, 144 AD3d 1041, 1042 [internal quotation marks omitted]).
Here, the plaintiffs established, prima facie, their entitlement to summary judgment on the first cause of action (see Alvarez v Prospect Hosp., 68 NY2d 320, 324; Zuckerman v City of New York, 49 NY2d 557, 562). The plaintiffs submitted the affidavit of Donald Cantalino, a member of Forest Glen, who denied ever receiving any notice of tax lien sale. Catalino averred that, commensurate with the purchase of the property in 2008, "all tax bills" were to be mailed to 14 Grace Drive, in Westbury. Cantalino also stated that, during discovery, the County defendants produced copies of letters purportedly giving notice of the tax lien sale; he annexed a copy of one such letter dated January 6, 2015, addressed to Forest Glen at 11 Branding Iron Lane, in Glen Cove. "[H]owever," Cantalino added, the County defendants "have not provided any proof that such notice was ever actually mailed to Plaintiffs."
In opposition, the County defendants submitted the affirmation of their counsel along with copies of a notice of tax sale dated January 6, 2015. In order to avoid summary judgment, it was incumbent upon the County defendants to lay bare their proof and disclose evidentiary facts sufficient to raise triable issues of fact (see Friends of Animals v Associated Fur Mfrs., 46 NY2d 1065, 1067-1068). Even when viewed in the light most favorable to the nonmoving County defendants (see Stukas v Streiter, 83 AD3d 18, 22), the copies of the notice of tax sale dated January 6, 2015, coupled with the affirmation of the County defendants' attorney, who did not attest to any personal knowledge of the facts therein (see Incorporated Vil. of Hempstead v Jablonsky, 283 AD2d 553, 554), were insufficient to raise a triable issue of fact as to the County defendants' noncompliance with Nassau County Administrative Code § 5-37.0 (see Love v County of Orange, 99 AD3d 863; West Branch Realty Corp. v County of Putnam, 293 AD2d 528, 529; cf. Matter of [*3]T.E.A. Mar. Automotive Corp. v Scaduto, 181 AD2d 776, 777). The County defendants failed to provide evidence in admissible form, via an individual with personal knowledge, that the plaintiffs were provided with actual notice; there was no evidence that notices of tax sale were mailed, nor did the County defendants explain the discrepancy in the address provided by the plaintiffs for the mailing of tax bills, and the address to which the notices were allegedly mailed (see West Branch Realty Corp. v County of Putnam, 293 AD2d at 529).
Moreover, contrary to the Supreme Court's determination, in this instance, the conveyance of the tax deed served merely as presumptive, and not conclusive, evidence that the notices were provided in accordance with section 5-37.0 (see Nassau County Administrative Code § 5-54.0[b][2]), and the evidence submitted by the plaintiffs adequately rebutted that presumption.
Accordingly, the Supreme Court should have granted that branch of the plaintiffs' motion which was for summary judgment on the first cause of action, for a judgment declaring that the tax deed is null and void (see Quinn v Wright, 72 AD3d 1052, 1054), and should have denied that branch of the cross motion of T11 Funding which was for summary judgment dismissing that cause of action insofar as asserted against it.
Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Nassau County, for the entry of an appropriate amended judgment, inter alia, in favor of the plaintiffs declaring that the tax deed is null and void (see Lanza v Wagner, 11 NY2d 317, 334).
The plaintiffs' remaining contentions either are not properly before this Court or need not be reached in light of our determination.
LASALLE, P.J., ROMAN, CHRISTOPHER and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court