Pekich v Membreno (2024 NY Slip Op 02206)

Pekich v Membreno

2024 NY Slip Op 02206

Decided on April 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ANGELA G. IANNACCI
LILLIAN WAN
JANICE A. TAYLOR, JJ.

2022-04209
 (Index No. 609458/19)

[*1]Peter A. Pekich, etc., respondent,
v
Carlos R. Membreno, etc., appellant, et al., defendants.

Alter & Barbaro, Brooklyn, NY (Bernard Mitchell Alter of counsel), for appellant.
Levy & Levy, Great Neck, NY (Joshua Levy of counsel), for respondent.

DECISION & ORDER
In an action pursuant to RPAPL article 15 to quiet title to real property, the defendant Carlos R. Membreno appeals from an order of the Supreme Court, Nassau County (Christopher G. Quinn, J.), entered April 19, 2022. The order, insofar as appealed from, granted the plaintiff's motion for summary judgment on the complaint insofar as asserted against that defendant.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the plaintiff's motion for summary judgment on the complaint insofar as asserted against the defendant Carlos R. Membreno is denied.
The defendant Carlos R. Membreno (hereinafter the defendant) was the owner of certain real property located in Roosevelt. As a result of the defendant's failure to pay certain property taxes due for the year 2016, the Nassau County Treasurer (hereinafter the Treasurer) held a public auction in February 2017 (hereinafter the tax lien sale). The plaintiff was the successful purchaser at the tax lien sale. After the defendant failed to redeem the tax lien, the Treasurer conveyed the subject property to the plaintiff by deed dated June 13, 2019 (hereinafter the tax deed).
In July 2019, the plaintiff commenced this action pursuant to RPAPL article 15 against, among others, the defendant to quiet title to the subject property. The defendant interposed a counterclaim seeking a declaration that the tax deed is null and void. The defendant alleged, inter alia, that he was not provided notice of the tax lien sale and, therefore, was deprived of the subject property without due process. Thereafter, the plaintiff moved for summary judgment on the complaint. In an order entered April 19, 2022, the Supreme Court granted the plaintiff's motion for summary judgment on the complaint insofar as asserted against the defendant. The defendant appeals.
"Under both the federal and state constitutions, the State may not deprive a person of property without due process of law" (Matter of Harner v County of Tioga, 5 NY3d 136, 140; see US Const 14th Amend; NY Const, art I, § 6). "Both the initial notice of tax lien sale, as well as the subsequent notice to redeem, must meet constitutional due process requirements" (Matter of Roslyn Jane Holdings, LLC v Jefferson, 144 AD3d 1041, 1042 [citation omitted]; see Forest Glen Realty, LLC v T11 Funding, 208 AD3d 1312, 1318). "The requirements of due process are satisfied where notice is reasonably calculated, under all the circumstances, to apprise interested parties of the [*2]pendency of the action and afford them an opportunity to present their objections" (Forest Glen Realty, LLC v T11 Funding, 208 AD3d at 1318 [alterations and internal quotation marks omitted]; see Delacorte v Luyanda, 195 AD3d 898, 899; Quinn v Wright, 72 AD3d 1052, 1053-1054).
Here, the plaintiff made a prima facie showing that the defendant was given notice of the tax lien sale by the Treasurer through the submission of the tax deed, which constituted presumptive evidence that such notice was provided in accordance with Nassau County Administrative Code § 5-37.0 (see id. § 5-54.0[b]; Forest Glen Realty, LLC v T11 Funding, 208 AD3d at 1319). However, in opposition, the defendant raised a triable issue of fact as to whether the notice of the tax lien sale complied with constitutional standards of due process (cf. Forest Glen Realty, LLC v T11 Funding, 208 AD3d at 1318-1319; Zamor v L & L Assoc. Holding Corp., 85 AD3d 1154, 1156). To this end, the defendant submitted his own affidavit in which he stated that the subject property was a vacant lot with an address at which he did not receive mail and, more specifically, that he never received notice of the tax lien sale. Furthermore, the record suggests that the defendant's purported mailing address, which was located within Nassau County and was included on the original deed conveying the subject property to the defendant, should have been reasonably ascertainable by the Treasurer (see Quinn v Wright, 72 AD3d at 1053). Therefore, the Supreme Court erred in granting the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the defendant.
In light of the foregoing, the defendant's remaining contentions need not be reached.
DILLON, J.P., IANNACCI, WAN and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court